JUDGE BULLITT
deliveked the opinion oe the oohkt:-
The Legislature, in 1835, passed an act (sess. acts, 1834-5, page 185,) authorizing a sale of the lands of James Monks, deceased, for the payment of his debts, upon a proceeding in chancery to be instituted for that purpose by his administrator. In that proceeding commissioners, appointed in pursuance of the act, reported that the decedent’s estate consisted of 333 acres of land, beside the land allotted to his widow, and the court decreed a sale of so much of said 333 acres as might be necessary to raise $1,200. A commissioner, appointed for the purpose, sold 144 acres for $656, and, at a subsequent day, offered for sale the residue, (which was supposed and represented by him to contain 189 acres,) or so much thereof as might be necessary to raise the balance of $544; and J. R. Hamilton, for that sum, purchased 174 acres thereof, to be laid off in a certain mode designated by the commissioner. The land thus designated was surveyed under an order of court, and was conveyed by the commissioner to A. Hamilton, assignee of J. R. Hamilton, by metes and bounds, according to the survey- or’s report. Afterward A. Hamilton’s heirs conveyed said tract, described as containing 174 acres, and an adjoining tract, described as containing 150 acres, making together 324 acres, to J. R. Hamilton, who conveyed the same to J. S. Lander, one of the tracts being described in the deed as containing 174 acres, and the other as “containing at least 150 acres, supposed to be more.” In 1855 Lander’s heirs conveyed said two tracts to the appellant, Jennings, describing them as con *105 taining together 371 acres. The ’ commissioner’s sale was made in 1837. In 1858, J. M. Monks, who was the sole heir of James Monks, and who became of age in 1851, brought this suit against Jennings, J. R. Hamilton, and the heirs of Andrew Hamilton, alleging that said tract, which had been supposed to contain only 174 acres, did in fact contain 214 acres ; that he had only discovered the mistake within the last six months, that the mistake was apparent on the face of the papers, and was or should have been known to all the parties; that he did not seek to set aside the sale made by the commissioner, but was unwilling to surrender land that had not been sold nor paid for; and he prayed that defendants be required to relinquish the surplus of 40 acres, and for general relief. The plaintiff having died, the suit was revived in the names of his executor and devisee. It was proved that the tract contained 214 acres, and that J. M. Monks did not discover the mistake until about six months before he sued.
The court below, upon a demurrer by A. Hamilton’s heirs dismissed the petition as to them, and, having caused 174 acres of the land to be surveyed in the mode designated by the commissioner when he sold to J. R. Hamilton, gave a judgment against Jennings in favor of J. M. Monks’ executor for the surplus of 40 acres, from which Jennings appealed.
1. It is contended that, even if Jennings is not entitled to the land, the judgment is erroneous, because it is in favor of the executor instead of the devisee. But, as J. M. Monks not only authorized his executor to sell the land, but devised to him the land itself, giving to the devisee only the proceeds when sold, our opinion is that the judgment if otherwise right was properly rendered in favor of the executor.
2. It is contended that Jennings is entitled to hold the land because he purchased without notice of the mistake. On the other side it is contended, first, That he had notice of the mistake: secondly, That the commissioner’s deed to Hamilton was void, at least as to the surplus, and, consequently, that Jennings acquired no title thereto.
Whether or not the petition sufficiently alleges notice of the *106 mistake we need not decide, because, even if it does, it is not sustained by proof of notice,, actual or constructive. The only evidence of notice to Jennings is that furnished by the above mentioned deeds, under which he claims, and by the record of the proceedings under which the land was sold by the commissioner. That record, instead of showingthat the tract purchased by Hamilton from the commissioner contained 214 acres, showed that it contained only 174 acres, and that the whole tract offered for sale by the commissioner only contained 189 acres. Nor do the deeds under which Jennings claims show the mistake. On the contrary, the deed from J. R. Hamilton to Lander, by describing this tract as containing 174 acres, and the other tract as containing at least 150 acres and probably more, furnished evidence to Jennings that the surplus was in the latter tract and not in the former.
As Jennings derived no benefit from the mistake, and, without notice of it, purchased and paid for all the land including the surplus, it is clear that the plaintiff was not entitled to any relief against him, if the commissioner’s deed to Hamilton passed the legal title to the surplus land. (Powell vs. Eve, 2 Bibb, 317 ; Floyd’s heirs vs. Adams, 1 A. K. Mar., 72.) And it is equally clear, that a conveyance by the owner of land passes the legal title to all the land within the designated boundaries, though they may contain double the quantity mentioned in the deed.
But it is contended that this case stands upon a different footing, because the sale and conveyance were made not by the owner, but by a commissioner in a proceeding against him for payment of debts. We have seen no decision upon this question except the one appealed from. It has been decided by this court, in a number of cases, that a sale by an officer of more land than is necessary to pay the debt, for which the sale is authorized to be made, is void. But in all of those cases that we have seen, the quantity of land sold was known by the officer, and purchaser; the error consisted in raising more money than the execution, judgment, or decree authorized, and it was an error shown by the record and capable of being corrected by it. In the case of Walker and Wife vs. McKnight, *107 (15 B. Mon., 476,) where an execution was issued and a sale made for the amount of the judgment, it was held that the sale passed the legal title to the purchaser, although a part of the debt had been made by a previous execution. The court said: “all sales of lands made by sheriffs would be rendered uncertain, if the principle were established that the sale would be void if any part of the debt had been paid, although such payment did not appear upon the execution. No person would be willing to purchase at such a sale, and the operation of the rule would be detrimental instead of advantageous to the defendant in the execution.” Similar reasons forbid the adoption of a rule which would render judicial sales void, because of a mistake as to the quantity of the land. The impropriety of such a rule is illustrated, in the case under consideration, by the fact that the land sold by the commissioner to Hamilton was surveyed under an order of court, and reported by the surveyor as containing 174 acres, and was conveyed in accordance with that report.
There is perhaps no substantial difference in principle between this case and that of Floyd’s heirs vs. Adams, above cited. In that case Floyd, having agreed to convey to Trigg 1,000 acres of land on Elkhorn, the place where McClellan’s fort stands, died, leaving a will whereby he directed his executors to convey to Trigg’s heirs “one thousand acres of land in Fay-ette, known as the Royal Spring tract.” In a suit brought by Cobb, assignee of Trigg, against Trigg’s heirs and Floyd’s executors, the court ordered Floyd’s executors to convey said land to Cobb, and a conveyance was accordingly made by them. It was afterward discovered that the tract contained over 2,000 acres, and Floyd’s heirs sued Cobb’s vendees for the surplus ; but the court, instead of holding that the conveyance made by its order was void, and thus remitting the defendants back to the bond from Floyd to Trigg, which would have given them a right to only 1,000 acres, held that the conveyance invested Cobb with the legal title to all the land in the tract.
In our opinion the commissioner’s deed to Hamilton passed the legal title to the 214 acres, and the plaintiffs are entitled *108 to no relief against Jennings, who purchased without notice, and derived no benefit from the mistake.
As Monks’ executor has not appealed from the judgment dismissing the petition as to A. Hamilton’s heirs, as there was no decree as to J. It. Hamilton, and as Lander’s heirs aré hot parties to the suit, there is no question before us as to the executor’s right to recover compensation from any; of those parties.
The judgment is reversed, and the cause remanded, with directions to dismiss the suit against the appellant.