CASE 47—PETITION ORDINARY—NOVEMBER 14.

# Reynold's Ex'r v. Boyd.

APPEAL FROM MASON CIRCUIT COURT.

EJECTMENT BY EXECUTOR.—Where executors are invested by the will with a mere naked power to sell the real estate and distribute the proceeds the title does not vest in them and they can not maintain ejectment.

T. C. CAMPBELL, COCHRAN & SON FOR APPELLANTS.

No brief in record.

E. L. WORTHINGTON FOR APPELLEE.

The testator's will does not vest in his executors such a title to his realty as entitles them to maintain ejectment. (Warfield v. English 11 Ky. Law Rep., 265; Ware v. Murph., 33 Am. Dec., 97; Nodine v. Greenfield, 34 Am. Dec., 363; Thomson v. Gaillard, 45 Am. Dec., 778; Going v. Emery, 26 Am. Dec., 645; Lockwood v. Stradley, 12 Am. Dec., 97; Dabney v. Manning, 3 Ohio, 321; Williams v. Veach, 17 Ohio, 171; 4 Kent's Com., 320; 1 Sugden on Powers, 131; Jameson v. Smith, 4 Bibb, 307; Prewitt v. Durham, 5 Mon., 17; Wooldridge v. Watkins, 3 Bibb, 349; Clendenning v. Lanius, 56 Am. Dec., 518.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

After making to his children and grandchildren specific and general devises in money, Isaac Reynolds, by his

will, provided as follows: "All my personal and real estate are to be sold and the proceeds are to be distributed as named in this my will. * * * I do appoint my grandsons, Thomas L. Best and Charley Hook, my executors, to carry into effect this my last will." By a codicil the appointment of Thomas L. Best was revoked and George Doniphan was appointed one of the executors in his place.

This action was brought by the two executors, now appellants, against appellee to recover a tract of land, of which it is stated in the petition the testator, Reynolds, was, at the time of his death, owner, and that defendant now holds without right or title, and unlawfully and wrongfully keeps the plaintiffs from the possession of.

Generally to recover in an action like this, which is in nature an action of ejectment, the plaintiff must show title in himself, though it has been held by this court that when the complete equitable title to an estate and the right of possession conjoin in the same person he will not be denied relief at law merely because the naked legal title may be held by a person not a party to the action. (Bartlett v. Borden, 13 Bush, 46.) A plaintiff may in some cases recover on a bare profession only without showing title, as when there has been an actual ouster of the tenants as against a trespasser without color of title. (Fowke v. Darnall, 2 Litt., 317.)

But no such condition exists in this case, for it is not alleged the plaintiffs were ousted or ever had possession of the land sued for; nor do we think they were invested by the will with any title to it either legal or equitable. There is a distinction heretofore plainly recognized by

this court between the case where a testator not only authorized his executor to sell land but devised to him the land itself, giving to the devisee only the proceeds when sold, and the case of a mere naked power to sell. In the first the title vests in the executor and he may maintain the action; in the second the title is in the heirs at law of the testator, and an action of ejectment can not be maintained unless they are parties. (Jennings v. Monks' Ex'r, 4 Met., 103; Warfield v. English, 11 Ky. Law Rep., 263.) By the terms of the will in question appellants were invested with the simple power as executors to carry into effect the will of the testator, which, we think, by fair construction, includes the power to sell his real estate and distribute the proceeds, nothing more.

As, therefore, in our opinion, appellants have no right to maintain the action, the judgment sustaining a demurrer to the petition must be affirmed.