CASE 57.—ACTION BY THE LOUISVILLE & NASHVILLE
     RAILROAD COMPANY AGAINST W. B. TAYLOR.—
     May 24, 1910.

# L. & N. R. R. Co. v. Taylor.

Appeal from Oldham Circuit Court.

CHARLES MARSHALL, Judge.

From a judgment dismissing the petition, plaintiff
appeals.—Reversed.

1.  Injunction—Trespass—Remedy by Ejectment.—Where de-
    fendant's maintenance of a fence on the right of way of
    plaintiff, railroad company did not materially interfere with
    the operation of the road, plaintiff was not entitled to relief
    by injunction; ejectment being its remedy if entitled to any
    relief.

2.  Quieting Title—Right of Action—Possession—Necessity.—
    Allegations of the petition that plaintiff was the owner and
    in possession of a described part of its right of way, except
    that defendant has obstructed a part thereof with fence
    which he claims and maintains and refuses to remove, show
    that defendant was in actual possession and had inclosed the
    land claimed, so that plaintiff could not maintain an action
    under Ky. St. section 11, authorizing one having both legal
    title and possession of land to institute an equitable suit
    against one having a claim against such land; that section
    requiring plaintiff to be the owner and in possession when
    the action is brought.

3.  Ejectment —Actions — Petition — Allegations — Deraignment
    of Title.—Under the code allegations of a petition in eject-
    ment that plaintiff owns the land described and is entitled
    to immediate possession are sufficient, without showing how
    he derives his title.

4.  Ejectment—Actions—Sufficiency of Petition—Description of
    Land.—Allegations of the petition in an action to recover
    land that the strip claimed is 800 feet in length and 33 feet
    wide, measured from a point in the center of plaintiff's main
    track beginning at a line between defendant and another

and ending at the line of a certain owner and running paral-
lel with plaintiff's main track, sufficiently described the tract
claimed so as to identify it as required by Civ. Code Prac.
section 125.

CHAS. CARROLL, D. H. FRENCH, BENJAMIN D. WARFIELD
and CHAS. H. MOORMAN for appellant.

EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Revers-
ing.

Appellant filed a petition in the Oldham circuit
court, in which it alleged its own corporate existence
and right to purchase other railroad corporations. It
then alleged the incorporation of the Louisville &
Frankfort Railroad Company and the powers given
it by its charter. It also made like allegations with
reference to the Lexington & Frankfort Railroad
Company and the merger of these two roads as au-
thorized by an act of the Legislature, under the name
of the Louisville, Cincinnati & Lexington Railroad
Company, and then alleged that it was the owner of
the last-named corporation by purchase. It averred
that in the acts incorporating the before-named roads
the Legislature authorized them to purchase or con-
demn, for the purpose of constructing a road, a right
of way through the counties it passed, 66 feet wide;
that by reason of its purchase of the aforesaid roads
it became the owner of this right of way and all other
rights and privileges given them under their charters,
and continued as follows: "That, by reason of the
purchase by it of the said Louisville & Lexington
Railway, it became the owner and possessor of a cer-
tain right of way which is now in the town of La
Grange, Oldham county, Ky., 66 feet in width, which
is 33 feet from the center line of its main track on

each side thereof, upon which it now and ever since said purchase has continually and daily operated its trains, and that it is the owner and in the possession of the following described portion of said 66 feet of right of way in said town and county ever since said purchase, using same for railroad purposes, viz.: A strip of land 33 feet in width on south of the center line of the main track of said railroad. Beginning in the property line of the land of the defendant, W. B. Taylor, and L. G. Lambert; thence running east and with the center line of said main track 800 feet to the east line of the property line between the land of said defendant and Mosly, except that the defendant, W. B. Taylor, has obstructed a portion of said right of way with a fence which he claims and maintains of posts, wire, planks, and slats put, placed, and erected therein, and which he fails and refuses to remove, to the great and irreparable injury of the plaintiff; that the plaintiff and those under which it holds have been the owners, holders, claiming the right to, and operating said railroad and right of way, openly, adversely, and continually for more than 50 years, when on or about the 25th day of March, 1907, the defendant purchased a tract of land adjoining said right of way and unlawfully and without right set up claim to a portion of said right of way, and has ever since maintained said fence and obstruction of said right of way.'' The court overruled a demurrer to this petition but sustained a motion to make it more definite, and, appellant failing to comply with this order, the court dismissed the petition.

Appellant instituted this action in equity seeking a mandatory injunction against appellee compelling him to remove a fence and surrender to appellant the ground inclosed by it. Clearly, the allegations of the

petition did not authorize a court of equity to intervene. There is no statement showing that the alleged obstruction placed on appellant's right of way by appellee materially prevented it from operating its road for the benefit of itself and the public. Appellant's counsel insist that it has the right to maintain the action under section 11, Ky. St. In this they are in error. To proceed under that section, the plaintiff must be both the owner and in possession of the land in contest at the time of the institution of the action. The petition in this case shows that appellee was in the actual possession of and had the land inclosed at the time of the institution of the action. See the cases of Horn v. Bates, 114 S. W. 736, and Cockrell v. Colson, 116 S. W. 775. It is true that appellant alleged in its petition that it was the owner and in the possession of the land, but other allegations contradict this. In our opinion, appellant is not entitled to maintain this action under section 11, Ky. St.; nor is it, under the averments of the petition, entitled to the aid of a chancellor. If it is entitled to any relief, it must resort to an action in ejectment at law; therefore this action should have been transferred to the ordinary docket for trial. Appellant undertook in its petition to show how it derived its title to this right of way, and alleged that, under the various charters referred to, its vendors, immediate and remote, were authorized to take a strip of land 66 feet in width through the counties they ran, and assumed that this strip was 66 feet wide where it passed the property owned by appellee. There is no allegation that either of the roads referred to had purchased or received by gift or condemnation proceedings a right of way at that point 66 feet in width. This, however, in an action in ejectment, was un-

L. & N. R. R. Co. v. Taylor.

necessary. Under our Code a statement by the plain-
tiff that he is the owner of the land described and en-
titled to the immediate possession thereof is sufficient.
He need not allege and show how he derived his title;
but, if he has it, he can introduce it as evidence to sup-
port his allegation of ownership.

Appellee's counsel contend that the court did not
err in dismissing the petition for the reason that the
land in contest was not described as required by sec-
tion 125, Civ. Code Prac. We are of the opinion that
the description is sufficient. The strip claimed is 800
feet in length and 33 feet wide measured from a point
in the center of the main track, and runs parallel with
the track. The petition fixes the beginning of the 800-
foot line at a line between appellee and L. G. Lambert
and ending in Mosly's line.

For these reasons, the judgment of the lower court
is reversed and remanded for further proceedings
consistent herewith.