## Tool v. Kinman.

(Decided October 11, 1910.)

### Appeal from Owen Circuit Court.

1. Land—Action in Ejectment—Strength of Plaintiff's Title—Weakness of Adversary's.—To recover land in ejectment, the plaintiff must rely on the strength of his own title and not on the weakness of his adversary's.

2. Deed—Adverse Possession of Another—Champerty.—A deed to land which at the time was in the adverse possession of another, is champertous and void as against the possessor thereof.

3. Contract for Land—Writing—Held Not Binding.—A letter was written by an heir to another heir of a lot, that he wanted to buy the lot, to which she replied that she would as soon he would have it as any of the rest of the heirs, and would sell it to him. Held, there was nothing in this correspondence to bind either of the parties in any way.

VALLANDINGHAM & ALEXANDER for appellant.

JAS. H. SETTLE for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Frank Kinman and John S. Tool own adjoining lots in the town of Lusby, Kentucky. Kinman brought this suit against Tool charging that he had fenced in a strip off his lot twenty feet wide. Tool filed an answer controverting the petition and pleading champerty and adverse possession. On a trial of the case, there was a verdict and judgment in favor of Kinman for a strip sixteen and a half feet wide. Tool appeals.

The proof shows that the strip in controversy lies within Tool's fence, and that the fence was built where it now stands about six years ago. The deed to Kinman was made on January 25, 1909, or about five years after the fence was built. The call of his deed for the line in controversy is as follows:

"Running back 60 feet with Dr. Sparks', now John Tool's garden fence."

Kinman's deed having been made about five years after the fence was built, and calling for Tool's fence, he took by the deed no title to the land beyond the fence. If this land does not belong to Tool, the title is still in Kinman's vendors, and to recover in ejectment the plaintiff must rely upon the strength of his own title and not upon the weakness of his adversary's. Not only so but when the deed to Kinman was made, Tool was in possession of his lot claiming adversely up to the fence, having the land actually inclosed and in occupation. The deed to Kinman would be champertous as to all land within the fence. It is said that the deed is not champertous as to this strip because it was made pursuant to a contract entered into before the fence was built. On this point the proof by one of the owners of the land is that about seven or eight years ago Kinman wrote to her to the effect that he wanted to buy the lot and she wrote in reply that she would as soon he should have the lot as any of the rest of the heirs, and would sell it to him; but that she did not sell it to him then; that afterwards Mr. Sidebottom wrote her about it and she let him have the land. Kinman himself says that it was understood between him and her at that time that he might buy the lot if he wanted to. There was nothing in this correspondence to bind either of the parties in any way. Kinman was not bound to take the land; the owner was not bound to sell it. Nothing was agreed on, and such a correspondence would in no wise affect the operation of the champerty statute, when the land was afterwards bought and the deed made. Under the evidence the court should have instructed the jury to find for the defendant.

Judgment reversed and cause remanded for a new trial.