## War Fork Land Company v. Spivey, et al.

(Decided February 9, 1915.)

### Appeal from Jackson Circuit Court.

1. Ejectment—Possession—Title.—Under the Code, it is sufficient in a suit in ejectment for the plaintiffs to allege that they are the owners and entitled to possession of the land described. It is not necessary to allege and show how title was derived. This should come in the evidence to support the allegation of ownership.

2. Ejectment—Adverse Possession.—In a suit in ejectment the plaintiff must recover, if at all, upon the strength of his own title and not the weakness of his adversary's, but when the defendant admits that the title was once in plaintiff, the burden shifts, and it is then upon him to show that the plaintiff has been divested of title by subsequent conveyance or by adverse possession.

3. Ejecment—Title.—When the plaintiff in ejectment shows a title prima facie valid, it then devolves upon the defendant to show a superior adverse title.

T. E. MOORE, JR., for appellant.

A. W. BAKER for apellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is an action in equity by the heirs-at-law of Mary Polly Spivey for a cancellation of certain deeds in appellant's chain of title, and also praying to be adjudged the owners and entitled to the possession of the 155 acres of land in controversy. Judgment of the lower court granted to the heirs-at-law the relief prayed for, and the land company appeals.

Appellant says, and we think correctly, that, although this action was in equity, it is in the nature of ejectment and the question is one of title. Therefore, the sufficiency of the pleadings and proof is tested by the rules of practice applicable to actions at law in ejectment.

To explain the controversy, we give the facts as they appear in the pleadings. Julius Spivey and Mary Polly Spivey were husband and wife, and the appellees are the only issue and heirs-at-law of that union. On March 12th, 1888, Julius Spivey "had and owned and held the fee simple title" to the land. On that date Mrs. Spivey sued for divorce on the ground that her husband had abandoned her and was living in adultery with another woman. The divorce suit described the land which is now in controversy, and prayed for certain equitable relief in regard to it for the support of herself and children. In November following the court adjudged her the use, possession, and control of the land during her lifetime. October 1, 1889, while the divorce action was still pending, Julius Spivey executed a deed conveying the land to her with covenant of general warranty. A year later, that is, in October, 1890, a decree of absolute divorce was entered. It appears that on the 14th day of October, 1889, fourteen days after she received the conveyance from her husband, but nearly a year before the judgment of divorce, Mary Spivey executed and delivered a deed conveying the land to Preston Isaacs. Her husband did not join in this deed. The petition sets out with particularity the relationship of the appellees, and their chain of title. Record reference is made to all the deeds in their chain of title, as well as to those from Preston Isaacs down to the appellant land company, under which it is said the land company claims. It is averred, however, that all the deeds in the Preston Isaacs chain are void because of the fact that Mary Spivey, when she conveyed to Preston Isaacs had a living husband, and he did not join in the deed. They say that the conveyance of the land to Preston Isaacs

was the only conveyance or attempted conveyance which their mother ever made, and that she was, therefore, the owner of it at the time of her death in 1900. They then aver that they are the owners of the land as her heirs-at-law. The answer of the land company made the following denials: That the plaintiffs (appellees) were the heirs of Mary Polly Spivey; that the Preston Isaacs deed was of a date prior to the divorce; that Mary Polly Spivey owned the land at the time of her death. Appellant admitted it claimed ownership and possession, and justified the claim with allegation of open and continuous adverse possession for more than 15 years.

Testimony for the plaintiffs established the fact that they were the only heirs-at-law of Mary Polly Spivey, and also put in evidence all of the deeds referred to. The land company took no proof. By brief we are informed that the land company was deprived of this privilege through mistake of its attorney as to term time of the Jackson Circuit Court. He was not aware that an act of the legislature had amended the Kentucky Statutes to change the time of court from the third Monday in April to the fourth Monday in March. He resides in another county and going to Jackson county to take depositions preparatory to trial at the April term, he ascertained that judgment had already been rendered against his client. But this is not a proceeding for a new trial under code provisions, and appellant does not urge these facts on this appeal as a reason for reversal. Nor does he attempt to uphold the validity of the deed from Mary Polly Spivey to Preston Isaacs. In fact, he concedes that she was a married woman at the time, and that the deed is void because her husband did not join in it. But he calls attention to the fact that there is no specific allegation that Julius Spivey owned the land on the 1st day of October, 1889, when he conveyed to his wife, Mary Polly Spivey. There is no denial that Julius Spivey owned the land on March 12th, 1888, when his wife sued for divorce. But appellant contends it does not follow that his ownership continued until October, 1889, when he conveyed to his wife, and he argues that since there was no proof other than the deeds mentioned to establish ownership, the judgment was erroneous. He relies upon the cases of Jones v. Griffin, 25 Ky. L. R., 117; Howard v. Lock, 15 Ky. L. R., 154; Howard v. Singleton, 94 Ky., 336; Anderson v. Turner, 3 A. K. Mar., 134; Doe v. Dupey, 4 J. J. Mar., 338.

These cases arise by title from demise or descent, and recognize the familiar rule that in a suit by heirs-at-law in ejectment, when their title is put in issue, it is incumbent upon them to show ownership in their ancestor at the time of his death. This is one way of applying the general rule that in ejectment, where the title of the plaintiff is denied, he must recover, if at all, upon the strength and sufficiency of his own title and not the weakness of his adversary. But these appellants do not claim title as heirs-at-law of Julius Spivey. They claim as heirs of Mary Spivey, to whom Julius Spivey conveyed.

We are impressed that the pleadings and proof in this case meet all requirements, and, in fact, the petition covers a great deal more ground than is necessary. Under the Code, it is sufficient for the plaintiffs to allege that they are the owners and entitled to possession of the land described. It is not necessary to outline the chain of title. This should come by way of evidence to support the allegation of ownership. L. & N. v. Taylor, 138 Ky., 437; Asher v. Howard, 122 Ky., 175.

But when plaintiffs set up their chain of title and some of the links are attacked by the answer, the others stand admitted. It, therefore, appears that on March 12th, 1888, when the divorce proceeding was instituted, Julius Spivey was the owner of the land. Appellant's position is that no presumption arises from the fact of ownership at that time—that his ownership continued for another year and a half, that is, until October, 1889, when he conveyed to his wife. But, in our opinion, this position is not well taken. When the defendant admits that the title was once in plaintiff's grantor the burden shifts, and it is then upon him to show that the grantor was divested of title by subsequent conveyance or by adverse possession. Thomas v. Thomas, 93 Ky., 435.

When the plaintiff shows a title, prima facie valid, it then devolves upon the defendant to show a superior adverse title.

It follows from these conclusions that the heirs-at-law made out a prima facie case. Appellant's case was a plea of adverse possession, and there being no proof to sustain it, the court very properly adjudged title and right of possession in the heirs-at-law, the appellees here.

The judgment is, therefore, affirmed.