## Burchett v. Scott, et al.

(Decided September 25, 1917.)

### Appeal from Pike Circuit Court

Judgment—"Dismissed, Agreed"—Meaning and Effect of.—Where a suit for the recovery of land was "dismissed, agreed," the judgment was conclusive as to the rights of the parties respecting the subject-matter of the suit.

W. K. STEELE and J. S. CLINE for appellant.

ROSCOE VANOVER for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In this suit the question is whether Burchett, the appellant, or Scott, the appellee, is the owner of about 35 acres of land involved in this litigation. Burchett, claiming to be the owner of it, brought this suit, but the lower court adjudged Scott to be the owner, and Burchett appeals.

Burchett claimed ownership of the land by a paper title as remote vendee of Hudson Blackburn, to whom a patent was issued in 1857 for 200 acres of land that Burchett claims included this 35 acres. Burchett also claimed it under a paper title as the remote vendee of Jobe Dean, who secured in 1848 a patent for 84 acres, and Burchett contends that the land in controversy is a part of this 84 acres. The reason Burchett asserts title under both of these patents is because they interlap and the land in dispute, according to his insistence, is covered in whole, or at least in part, by both of them. He also claims the right to it by adverse possession.

Scott, on the other hand, claims title to the land under a paper title as the remote vendee of Jobe Dean. The Jobe Dean patent is earlier than the Blackburn patent, and so if the land in controversy is covered by the Dean patent Burchett could not maintain the action on the strength of the title going back to Blackburn.

Under order of court, N. A. Ramey, county surveyor of Pike county, surveyed the land, and, according to his evidence, it is embraced in the Jobe Dean patent.

The evidence is wholly insufficient to establish the right of Burchett to the land under the doctrine of adverse possession. The land was wild and unenclosed woodland, and there has never been such actual possession on the part of Burchett or those under whom he claims as would warrant us in sustaining his contention rested on this ground.

We are further of the opinion, from an examination of the record, that the land in dispute is a part of the Jobe Dean patent, and therefore any assertion of title on the part of Burchett going back to the Blackburn patent may be put to one side as not available.

With these two contentions out of the way, the only remaining question is whether Burchett or Scott has the better paper title going back to the Jobe Dean Patent.

Scott claims through deeds made by Jobe Dean's heirs to W. H. Dean, from W. H. Dean to Solomon Stratton, from Solomon Stratton to Calvin Clark, and from Calvin Clark's heirs to himself, while Burchett attempts to connect himself with this patent by a deed made to him by Byrd Dean Matney and Kate Dean Francis, heirs of W. H. Dean.

It may here be remarked that the title asserted by both Burchett and Scott goes back to the heirs of W. H. Dean, and so it is only necessary to determine whether Burchett obtained title from these heirs, namely, Byrd Dean Matney and Kate Dean Francis.

There seems to be no controversy about the fact that Kate Dean Francis and Byrd Dean Matney were the only children of W. H. Dean, or about the fact that Kate Dean Francis conveyed her interest in her father's land to Byrd Dean Matney in January, 1913, or that after this conveyance was made, and in April, 1913, Byrd Dean Matney and her husband conveyed to Burchett the land in dispute. This deed to Burchett was made after the suit was brought, but this is not material because the plaintiff in a case like this may perfect his title at any time before the trial.

Scott, as we have said, also claims the land as the remote vendee of W. H. Dean and from Dean to Stratton, and from Stratton to Calvin Clark, whose heirs were the immediate vendors of Scott.

It appears from the record that in 1878 Stratton and his wife conveyed the land to Calvin Clark, and it is further shown that in January, 1887, Kate Dean Francis and Byrd Matney, as only children, and Josie Dean, the widow of W. H. Dean, brought suit against Calvin Clark to recover from him the land that had been conveyed to him by Stratton. In their petition they prayed judgment for the possession of the land, damages for its detention, and for all proper relief.

It further appears that in October, 1887, this suit was dismissed by an order of court reading, "dismissed, agreed." It being conceded by both parties to this litigation that Kate Dean Francis and Byrd Dean Matney are the only children and heirs at law of W. H. Dean, Josie Dean being dead, it necessarily follows that if their suit against Clark to recover the land was adjudged against them, they had no title to convey in 1913 to Burchett and therefore Burchett failed to connect himself by a prior title with the Jobe Dean patent. We might further add that so far as this suit is concerned, it is not material whether Scott connected himself by regular conveyances with the Jobe Dean patent, because Burchett could not maintain his suit for the recovery of the land, the title to which Scott put in issue, except on the strength of his own title, and so we repeat that if the order of court, "dismissed, agreed," in the suit brought by Kate Dean Francis and Byrd Dean Matney against Calvin Clark was an adjudication that they were not the owners of the land, this suit by Burchett must fail because he has not shown such title, or indeed any title, that would authorize him to recover the land.

It will thus be seen that the real and indeed the only question of importance in the case is the effect that should be given to the order "dismissed, agreed." No answer was filed or demurrer or other pleading interposed in this suit against Clark, but it appears from the record in that suit, which was made a part of this record, that W. H. Connolley, the attorney who brought the suit for the Dean heirs against Clark, wrote a letter to Clark & Auxier, who as attorneys seem to have had some connection with the case, in which letter they were directed to advise the attorney for Clark to take the deposition of W. H. Stratton, and advised that if he testified to the facts they were informed he would, the suit would be dismissed. It further appears that the deposition of Stratton was taken in September, 1887, and that he testified

that W. H. Dean sold the land which the children of Dean were seeking to recover, to Solomon Stratton, and thereupon the suit was dismissed in the manner stated.

There was before this court in the case of Bank of the Commonwealth v. Hopkins, 2 Dana 395, a question involving the meaning and effect of an order "dismissing, agreed," the case, and the court said: "It has been frequently decided by this court that the legal deduction from a judgment dismissing a suit 'agreed' is that the parties had, by their agreement, adjusted the subject-matter of controversy in that suit; and the legal effect of such a judgment is, therefore, that it will operate as a bar to any other suit between the same parties, on the identical cause of action thus adjusted by the parties, and merged in the judgment thereon rendered, at their instance, and in consequence of their agreement.

"If, in such a case, the original cause of action has not been actually extinguished by payment, or other actual satisfaction, but was only transformed, by the agreement of the parties, into a new cause of action, the remedy must be on the latter, and cannot be maintained on the former and extinguished cause of action."

In Jarboe v. Smith, 10 B. Mon. 257, there was an order in the case showing that it had been "dismissed, agreed," and the court, following the Hopkins case, again said: "The legal effect of an order dismissing a suit *agreed* is to bar any other suit between the same parties on the original cause of action thus adjusted by them and merged in the judgment of the court rendered at their instance and in consequence of their agreement."

In Black on Judgments, 2nd ed., vol. 2, sec. 706, the author states the rule thus: "By general agreement of the authorities it is now well settled that a judgment dismissing a suit 'agreed' is a bar to any further action for the same cause."

Following these cases and authorities, the order in the case of Francis and Matney v. Clark, showing that the case was "dismissed, agreed," which order has never been modified or set aside, is a conclusive adjudication that Kate Dean Francis and Byrd Dean Matney, as heirs of W. H. Dean, were not the owners of the land, and from this it necessarily follows that they could not, subsequent to this order, convey any title to Burchett.

This was the view of the lower court, and the judgment is affirmed.