## Payne, et al. v. Edwards, et al.

(Decided May 25, 1920.)

### Appeal from Boyle Circuit Court.

1. Ejectment—Title to Source.—In an action in ejectment it is incumbent upon the plaintiff to establish his chain of title back to

the Commonwealth and show title in himself, and until this is done the defendant may successfully defend even though he has no title himself.

2 Ejectment—Title to Source—Possession.—One in possession of real property claiming it, can successfully defend against all persons whosoever who can not or do not prove title in themselves by an unbroken chain back to the Commonwealth, or back to a common source, with the defendant.

3. Ejectment—Affidavit for Continuance.—An affidavit filed for continuance and read as the deposition of a witness on a trial of a case, which merely shows that the deponent believes that if given time to another term of the court he could obtain a copy of a will recorded in another county which he thinks will show his chain of title back to the Commonwealth is insufficient to prove title in the plaintiff and entitle him to have the cause submitted to the jury.

4. Ejectment—Title—Peremptory Instruction.—Where the plaintiff in an ejectment action fails to show title in himself, a motion for peremptory instruction made by the defendant at the close of the evidence for plaintiff should be sustained.

5. Adverse Possession—Boundaries.—One claiming by adverse possession, not under color of title, must show that he claims to a well defined, marked and visible boundary, and proof that he claims to an indefinite or uncertain place, or which shows he did not actually know where the lines were, is insufficient.

GEORGE W. VAUGHN and SANDIFER & LANIER for appellants.

JAY W. HARLAN and JOHN W. RAWLINGS for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Mrs. Wellington Payne and several other persons, heirs of Henry W. and Martha Reed, brought this action against J. J. Edwards and James Chambers in the Boyle circuit court to recover a tract of about 600 acres of land lying on Rolling fork in the knobs or hilly part of the county, and to recover $150.00 as damages for the detention of the lands. The defendants answered denying that Mrs. Payne and the other plaintiffs, or any one or more of them, were the owners or entitled to the possession of the tract of land described in the petition; and denied their right to recover the sum of $150.00, or any other sum for the detention thereof. By the second paragraph of the answer the defendants averred that they were the owners of the tract of land by virtue of a sheriff's deed made April 4. 1914, and then of record.

A third paragraph presented the fifteen year statute of limitations. Issue being joined the parties went to trial before a jury which returned a verdict in favor of the defendants, Chambers and Edwards. Judgment was entered upon this verdict and Mrs. Payne, et al., appeal, urging a reversal of the judgment chiefly on the ground that the trial court erred at the conclusion of the evidence offered in chief by appellees in refusing to give a peremptory instruction to find for appellants, and in failing to sustain a like motion at the conclusion of all the evidence.

The record is full of errors, but most of them were in favor of appellants. In an action in ejectment it is incumbent upon the plaintiff to establish his chain of title back to the Commonwealth—he must show title in himself deducible from the Commonwealth. In ejectment a plaintiff must recover on the strength of his own title in one of two ways: (1) By showing title from the Commonwealth; (2) by showing that he and those through whom he claims have been in the open, notorious, actual, continuous, peaceable and adverse possession of the property in controversy for the statutory period. If he fails in this his cause must fail. White v. McNabb, 140 Ky. 828; Ison v. Halcomb, 136 Ky. 523; Tool v. Kinmon, 140 Ky. 208; Stephens v. Stephens, 169 Ky. 353.

The defendant does not have to produce any evidence or sustain his defense in any manner whatever until the plaintiff establishes his right to the land by paper or possessory title; and where there is no claim of possession he must rely upon his paper title alone. Possession is *prima facia* evidence of title and one in possession may by proof of that alone defeat an action by any other person who does not show title in himself. Having possession one may retain it against every one except the person who has legal title. Scroggins v. Nave, 133 Ky. 793; Reynolds v. Boyd, 92 Ky. 249; Roberts v. Menifee, 149 Ky. 352. When title is shown it then devolves upon the defendant to sustain his defense, whether of adverse possession or some other affirmative plea.

The appellants, Mrs. Payne, et al., had the burden of showing title in themselves deducible from the Commonwealth. This they utterly failed to do. There is a gap in their chain of title from the granting of the patent in 1796 to 1867. The affidavit of Andrew Bowman, filed

for continuance, did not cure the defect in the chain of title. This affidavit was read as the deposition of the witness named, subject to relevancy and competency, and there was a great portion of it that was hearsay or surmise, and incompetent. A chain of title cannot be so proven. It follows, therefore, that the trial court should have sustained the motion of defendants made at the conclusion of the plaintiffs' testimony for a directed verdict in their favor. This is the first material and prejudicial error committed by the trial court unless he erred to the prejudice of appellants in overruling their motion for a continuance in order for them to have time to get a certified copy of the will of Abraham Owens, recorded in Henry county. No complaine, however, is made of this.

The next serious error made by the court was in assuming in his instructions to the jury that the plaintiffs had made out their cause and established their chain of title.

The evidence for the defendants on their plea of adverse possession is very unsatisfactory. They do not show a well defined or any boundary to which they held and claimed. This they must do before their plea of adverse possession can avail them upon another trial. If the defendants in good faith claimed the boundary of land in question to a well marked and defined boundary, openly, notoriously, continuously and adversely for the statutory period they have a perfect defense to plaintiffs' action even though the plaintiffs may on another trial show complete paper title in themselves. Of course, they cannot hold beyond their close unless they claimed as their own and held dominion over the lands to well marked or defined boundaries; but the evidence clearly shows that these two defendants have held and claimed the lands within their fenced boundary for a period sufficient to vest title in themselves to these few acres. If the defendants had stood upon their motion for a directed verdict made at the conclusion of the evidence for plaintiff, they would have been within their rights. But as the court erroneously assumed in its instructions that the plaintiffs had exhibited paper title to the lands in controversy, and further that the defendants had introduced evidence which warranted the submission of their claim of adverse possession, and the jury awarded the lands to the defendants on that plea although wholly

or practically unsustained by evidence, we are confronted with the necessity of reversing the judgment for a new trial upon all branches of the case. If upon another trial the plaintiffs are not able to establish their chain of title back to the Commonwealth, the court will direct the jury to find and return a verdict for the defendants. If on the other hand the plaintiffs should establish complete paper title in themselves, and the evidence for the defendants upon their claim of adverse possession does not show a definite and certain boundary to which they claimed the lands in controversy and otherwise conform to the law of adverse possession, then the court should not submit the case to a jury on that question but should direct it to find and return a verdict for the plaintiffs.

Judgment reversed.