## Whitaker v. Million et al.
(Decided Nov. 23, 1937.)

ROSS. & ROSS for appellant.
JOHN NOLAND and JAS. S. LACKEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF— Affirming.

The appellant, plaintiff below, brought this suit in ejectment against appellees, defendants below, for possession of a certain parcel of land in Madison county, Ky., and for damages for withholding the possession of the land.

Plaintiff alleged in her petition that her father, Vannie Lee Roberts, died intestate in the year 1917, and that in the year 1891, pursuant to judgments and orders of the Madison circuit court, the land in controversy was purchased with certain funds belonging to her paternal grandmother, Frances H. Roberts, and father, the latter then being an infant of tender age, and a deed of conveyance of the land was made by J. M.

Tudor to S. S. Parks, trustee for her grandmother and father, Vannie Lee Roberts. She then set out the deed in full which contains the description of the land by metes and bounds and filed a certified copy of the deed as an exhibit. She alleged that her grandmother died in the year 1935, and further made the following allegations:

"The plaintiff states that she is the only heir of the said Vannie Lee Roberts and that she is the owner in fee simple and entitled to the possession of the tract of land containing about 48½ acres and 33 poles situated in Madison County, Kentucky and described in the above deed 'Exhibit 1', and that the defendants are holding possession thereof without right and have held possession thereof without right since the ——— day of January, 1935, the day and date on which the said Frances H. Million (Roberts) departed this life aforesaid."

She prayed judgment against the defendants for possession of the land and for $500 damages for withholding the possession of the land and for an accounting for the rents, issues, and profits of the land, etc.

The court sustained a demurrer to the petition, and, appellant failing to plead further, her petition was dismissed, and to reverse that judgment she has prosecuted this appeal.

The judgment of the court below does not state the ground or reason for sustaining the demurrer to the petition, but from the nature of the briefs of counsel it is apparent that the demurrer was sustained because the plaintiff failed to state in her petition that her father, Vannie Lee Roberts, was the owner of the property at the time of his death.

It is seen that the plaintiff alleged and showed by the exhibit (deed) filed with the petition that the land in question was conveyed to the trustee for the use and benefit of Vannie Lee Roberts and his mother and that they have both since deceased and that plaintiff is the only heir of said Vannie Lee Roberts and that she is the owner in fee simple and entitled to the possession of the land described in the deed, but does not state that her father died the owner of the land.

The argument of counsel for appellant is that in ejectment actions the plaintiff need only allege that he

is the owner of the land and entitled to possession thereof and defendant is wrongfully withholding same, without pleading the source of title, and that, since the petition contains such allegations, it is sufficient and the court erred in sustaining the demurrer thereto.

It is well established that in ejectment actions it is sufficient for the plaintiff to allege that he is the owner of the land and entitled to the possession thereof and that the defendant is wrongfully withholding possession, Alexander v. Duncan, 247 Ky. 422, 57 S. W. (2d) 58; War Fork Land Co. v. Spivey et al., 162 Ky. 600, 172 S. W. 1042, without setting out or pleading the source of title; and the same is true with respect to actions to quiet title except that in the latter the plaintiff must allege that he is in possession of the property.

But in the case at bar, in addition to the allegations of plaintiff's petition indicated above, she further pleaded her source of title and the nature of same. This raises the question whether or not the pleading of the source of title should be treated as surplusage or, inasmuch as appellant set out and pleaded her particular source of title, it was necessary for her to allege facts to show that she was the owner of the property by further alleging that her father, Vannie Lee Roberts, was the owner of the property at the time of his death.

In Wile et al. v. Sweeny, 2 Duv. (63 Ky.) 161, Sweeny and Taylor instituted their suit in ejectment to recover possession of certain real estate to which they claimed title, by sheriff's deed, which deed they pleaded specifically as their source of title, relying on judgment, execution and deed filed in the record as exhibits. The defendants filed their answer, to which the court sustained a demurrer, and in reversing the judgment of the lower court we said:

"The demurrer to the answer brought the whole record before the court, and it was the duty of the court to render judgment upon the demurrer against the party who had committed the first material error in his pleading. As the sufficiency of the petition is, therefore, involved, the first question for consideration is, whether it sets forth a good cause of action.

"The petition sets out specifically the title under which appellees claim, tracing that title

through the sheriff's sale under the execution and his subsequent deed, filing also a copy of the judgment upon which the execution issued; and if these do not invest the appellees with title to the lot sued for, their petition is bad on demurrer.''

It was held that the exhibit filed, and upon which the the plaintiffs relied as their source of title, disclosed that the sheriff's sale and his deed pursuant thereto were void and passed no title to the plaintiffs, and, as these facts appeared on the face of the petition and from the exhibit made part of it, no cause of action was stated, and the demurrer should have been sustained to the pettiion.

In Pendley v. Lee et al., 233 Ky. 372, 25 S. W. (2d) 1030, which was an action to quiet title, the plaintiff alleged that she had legal title to and was in possession of a certain tract of land and that defendants were claiming some interest therein hostile to plaintiff's title and, as evidence of title, plaintiff filed a deed evidencing an attempted sale of an expectancy in her parents' real estate. A sale of expectancy being invalid, it was held that the source of title specifically pleaded failed to show that plaintiff was vested with title and therefore the petition was bad on demurrer. Again, in Arnett v. Elkhorn Coal Corporation, 191 Ky. 706, 231 S. W. 219, also an action to quiet title, it was held that, if the plaintiff undertakes to set out his title in his petition, he must allege facts which show that he has title, otherwise it will be concluded that the title of defendant is superior, under the rule that a pleading must be construed most strongly against the pleader. See, also, Howard et al. v. Lock, 22 S. W. 332, 15 Ky. Law Rep. 154.

In Ison v. Halcomb, 136 Ky. 523, 124 S. W. 813, the plaintiffs brought their action in ejectment against the defendants in which they pleaded and relied on as source of their title a paper in the form of a deed, which instrument was construed to be testamentary in character and therefore passed no title to the plaintiffs, and it was held that, the source of title pleaded and relied on by plaintiffs being invalid, the petition should have been dismissed. In Ruling Case Law, vol. 9, p. 896, sec. 66, the rule is thus stated:

''The usual rules as to the propriety and effect of a demurrer apply in actions of ejectment. Thus where the plaintiff sets forth in his declaration, pe-

tition, or complaint, the title upon which he relies to recover the property in dispute, and such title is insufficient in law, the petition may properly be dismissed upon demurrer.''

In C. J., vol. 19, p. 1183, sec. 254, it is said:

''A prima facie claim by descent is made out by showing that the ancestor from whom plaintiff derives title died seized of the premises,'' etc.

In the case at bar the deed filed with plaintiff's petition and pleaded as a source of title merely shows that her father was at one time vested with an interest in the land in question; but, so far as the deed or other allegations of the petition show, her father may have conveyed the land or was otherwise divested of title in his lifetime, and in such event plaintiff inherited nothing from him. A deed to an ancestor in fee simple vests his children or heirs with no title, and his heirs at law cannot take under the ancestor's title except in case the ancestor dies intestate seized with title. It is seen that, in actions in ejectment and to quiet title, it is sufficient for the plaintiff to only allege that he is the owner of the land without pleading his source of title; but, if he goes further and pleads and relies upon any particular source of title, he must show facts sufficient to connect his asserted title with the particular source of title relied on. Under the rule that a pleading will be construed most strongly against the pleader, the failure of plaintiff to allege that her father died seized of title to the land which she seeks to recover rendered her petition bad and the court did not err in sustaining the demurrer thereto.

The judgment is affirmed.