## Engle v. Walters.

April 30, 1940.

James M. Gilbert, Judge.

J. L. Williams for appellant.

Joseph K. Beasley and George R. Pope for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellant, Crumley Engle, brought this action in ejectment against the appellee, Fraizer Walters. The petition alleged that Engle was the owner of the land and it was being wrongfully withheld by Walters. The prayer was for possession and certain alleged damages. The answer was in the form of a denial of the allegations in the petition. A peremptory instruction was given in favor of Walters at the conclusion of the introduction of Engle's proof. He is appealing from a judgment on the directed verdict.

Engle introduced in evidence the will of his grandfather, Hiram Howard, which was executed in January, 1923. Howard died in 1928. The property in question, constituting approximately one-seventh of Howard's estate, was left to Engle under this will. Had Howard died intestate, Engle's part would have been one-eighteenth. It was brought out on cross-examination over the objection of Engle that he executed a general warranty deed to an aunt, Lizzie Howard, in July, 1923, in which he conveyed to her "All my interest in *Harm* Howard estate land that was bought from J. C. Saylor." Lizzie Howard subsequently conveyed the tract of land in dispute to Walters. It can be seen, therefore, that both parties are claiming title from a common source, namely, Hiram Howard.

One of the grounds urged for reversal is that the deed from Engle to Lizzie Howard was void, since it conveyed only an expectancy. It is Walters' principal contention that the pleadings and proof failed to state and prove a cause of action in ejectment.

The appellee cites the case of Payne v. Edwards, 188 Ky. 302, 221 S. W. 1073. In that case it is said:

"* * * In ejectment, a plaintiff must recover on the strength of his own title in one of two ways:

(1) By showing paper title from the commonwealth; (2) by showing that he and those through whom he claims have been in the open, notorious, actual, continuous, peaceable, and adverse possession of the property in controversy for the statutory period. If he fails in this, his cause must fail. [Citing cases.]''

But we have noticed that both parties claim from a common source. Under the circumstances it was not necessary for the appellant to offer proof tracing his title back to the Commonwealth. Franklin Fluorspar Company v. Hosick, 239 Ky. 454, 39 S. W. (2d) 665; Crawford v. Crawford, 231 Ky. 675, 22 S. W. (2d) 93; Thompson v. Tyrie, 200 Ky. 741, 255 S. W. 526; Burchett v. Scott, 176 Ky. 669, 197 S. W. 397.

As to the sufficiency of the petition, Engle alleged that he was the owner of the land in dispute and entitled to its possession and that Walters was wrongfully withholding possession. It was not necessary for him to plead the source of his title. Whitaker v. Million, 270 Ky. 708, 110 S. W. (2d) 653, and cases cited therein.

It is our rule that the conveyance of an expectancy is void. War Fork Land Company v. Carr, 236 Ky. 453, 33 S. W. (2d) 308; Pendley v. Lee, 233 Ky. 372, 25 S. W. (2d) 1030; Harkins v. Hatfield, 221 Ky. 91, 297 S. W. 1109; Consolidation Coal Company v. Riddle, 198 Ky. 256, 248 S. W. 530; Hunt v. Smith, 191 Ky. 443, 230 S. W. 936, 17 A. L. R. 588; Spacey v. Close, 184 Ky. 523, 212 S. W. 127; Elliott v. Leslie, 124 Ky. 553, 99 S. W. 619, 30 Ky. Law Rep. 743, 124 Am. St. Rep. 418.

It follows from what has been said, therefore, that the judgment should be and it is reversed with directions for proceedings consistent with this opinion.