## Prewitt v. George et al.

May 8, 1942.

C. R. Luker for appellant.
J. K. Lewis for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

On August 28, 1939, appellant filed her petition, making Tom George and wife and Calvin Bentley and wife defendants, asserting that she was the owner in fee, and entitled to the possession, of a tract of land in Laurel County containing 10 acres, more or less, describing it and filing copies of deeds, undertaking to show claim of title back to the year 1909, though these show a different description of a tract of 50 acres more or less, but apparently intended to include the 10 acre tract.

Her cause was based on claim of ownership under the Doan deed, and she says that George and wife, within the last few years, and within the last ten years, have

been claiming a small portion of said land, the exact description of which is unknown to her, but known to the Georges. She also says that Bentley and his wife have, within the last few years, been claiming a portion of the 10 acres, and that all claims are unfounded and without right. She sought recovery of rent at $10 per year from each of the defendants "for that period of time," and asks that she be adjudged title and for possession.

The Georges answered, first denying the allegations of the petition, and affirmatively plead that the defendant Maggie George is the owner and in possession of a certain tract of land in Laurel County, being a part of the old John Denson 400 acre survey, which they describe, said to contain 21¾ acres, being the same property conveyed to Maggie George by D. C. Edwards on October 29, 1928 (deed filed). They, by copies of deeds, trace their title back to 1854. They plead actual adverse possession for the two limitation periods, fifteen and thirty years. Bentley and wife plead almost precisely as did the Georges, tracing their title to another acreage back to the same source. Mrs. Prewitt by reply denied the affirmative pleadings of the defendants.

Considerable proof was taken on behalf of all parties, and upon submission the chancellor rendered a written opinion, in which he truly said he found the record to present an unusual and exceptional situation. Referring to the George and Bentley counterclaim, he remarked that they had set up claims to certain boundaries of land which had no connection, insofar as one could tell by pleadings or otherwise, with the tract which plaintiff claimed. The chancellor said: "Proof has been taken on both sides; many incompetent questions asked and answered, without objection." He also found that neither pleadings nor proof sustained the contention of either or any of the parties. The court then dismissed without prejudice the petition and the two counterclaims, and judgment was entered accordingly.

We need not take time in discussing that part of the judgment dismissing (without prejudice or otherwise) the respective counterclaims, since neither the Georges nor the Bentleys have asked cross-appeals. A great part of appellant's brief is taken up in arguing that the court was without authority to dismiss the petition without prejudice, directing attention to Section 371 of the Civil Code of Practice, and authorities cited thereunder.

If it be admitted that technically the court had not the power to dismiss without prejudice, the dismissal was to all intents and purposes as clearly indicated by the chancellor for want of proper pleading, and lack of sustaining evidence. The record recites that the cause was "submitted on the pleadings, evidence and exhibits," and it is apparent that the court gave consideration thereto. Furthermore, appellant could hardly complain because the court inadvertently incorporated in the judgment the words "without prejudice."

We need not concern ourselves with a discussion of the question as to whether or not Mrs. Prewitt's petition set up a cause of action, though as we view it, it was perhaps sufficient. However, upon consideration of her proof we find that it was far short of meeting the requirements of well established rules where it is sought to obtain title to or possession of property alleged to be wrongfully withheld. The universal rule is that in an action in ejectment the party seeking relief must recover on the strength of his own title, and cannot rely upon the weakness of his adversary's title. The burden on the claimant must be sustained by showing title back to the commonwealth, or from a common source, or actual adverse possession, Alexander v. Duncan, 247 Ky. 422, 57 S. W. (2d) 58; Whitaker v. Million, 270 Ky. 708, 110 S. W. (2d) 653; Engle v. Walters, 282 Ky. 732, 140 S. W. (2d) 402. In no one of these respects did Mrs. Prewitt establish her title.

Her chain of title, as claimed by her, did not carry back to a common source. If her title went back to a patent from the commonwealth, it was to the asserted Williams' patent. The chain of defendants, it is claimed, carried them back to the Denson patent, and in neither chain does there appear to have been common grantor. Mrs. Prewitt failed to trace her title back to the commonwealth. She claimed, in pleading and exhibited copies of deeds, that her source was the Williams' patent (1881), but she fails by way of proof, exhibits or otherwise to show that patent was ever issued to Williams. In fact her own proof, or proof by her own witness, shows that Evans bought what was claimed by one Fortney to have been vacant land, and that Williams made the deed to Evans, one of her predecessors in title.

Furthermore, neither in pleading nor evidence does she, or any witness for her, undertake to show actual ad-

verse possession. She herself did not know where the disputed land (a very small part of the 10 acres) lay. True she claims she bought the 10 acre tract from Doan, who had bought the same tract from Evans, who had undertaken to join two tracts in one deed; one from Evans, the 10 acres, the other from another grantee; Doan, conveying the whole tract as one containing 50 acres more or less. Her sole claim is based on the assertion that she had a deed for it.

So, under the rule laid down in the cases cited, it is at once apparent that appellant failed to establish her title to the land in controversy. In closing we may say, from a reading of appellant's brief, it is contended that Mrs. Prewitt was and is entitled to judgment, solely on the ground that she showed paper title back to the commonwealth.

Judgment affirmed.