## Prater et al. v. Hicks et al.

May 27, 1949.

Joe P. Tackett for appellants.
Joe Hobson and Howard & Mayo for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This suit, insofar as the appeal is concerned, involves the rights of appellants, the widow and heirs of William Prater, to an interest in oil and gas rights allegedly conveyed to him by Rosy Allen, an heir of A. F. Prater. The Chancellor denied appellants' claim.

A. F. Prater and his wife were the owners of lands in Floyd County, which had been conveyed to them jointly. In 1908 the wife died intestate, and sometime later, in 1921, her husband and her heirs entered into an agreement to divide the land. Pursuant to this agreement, mutual deeds were exchanged between the heirs whereby the surface rights in various tracts were conveyed. Each of these deeds contained the provision that the grantors (A. F. Prater and the heirs making the conveyance) "hereby reserve the oil and gas for the benefit of A. F. Prater * * *."

In 1926, Rosy Allen, one of the heirs, undertook to convey to William Prater, the husband and father of appellants, the land conveyed to her by the other heirs in 1921. This deed did not except therefrom the oil and gas rights, but the deed referred specifically to her source of title, which was a deed in which these rights had been reserved for the benefit of A. F. Prater.

A. F. Prater died intestate in 1935. The sole question in the case is whether or not the deed to William Prater effectively conveyed the oil and gas rights which Rosy Allen inherited from A. F. Prater and his wife.

It is admitted by appellants that Rosy Allen could not convey during the lifetime of her father her expected inheritance in his estate. See Hunt et al. v. Smith et al., 191 Ky. 443, 230 S. W. 936, 17 A. L. R. 588, and Engle v. Walters, 282 Ky. 732, 140 S. W. 2d 402. Appellants' argument is, however, that Rosy Allen could convey her inherited interest in her mother's estate.

Appellants' position cannot be sustained for the obvious reason that the interest in the oil and gas rights, which might have been owned by Rosy Allen's mother, had theretofore been effectively vested in A. F. Prater in 1921 by virtue of the reservations in the deeds. See

Hall et al. v. Meade et al., 244 Ky. 718, 51 S. W. 2d 974. The only interest in the oil and gas rights which Rosy Allen had at the time she conveyed the property to William Prater was the possible inheritance of such rights from her father, A. F. Prater. As above noted, this mere expectancy could not be transferred prior to the death of her father. The Chancellor correctly determined the issue.

The judgment is affirmed.