### Fiscal Court of Carter County v. Strother, et al.

(Decided June 19, 1923.)

### Appeal from Carter Circuit Court.

1. Parties—Courts Should Not Proceed Without Parties Affected by Determination.—Under Civil Code of Practice, section 28, provid- ing that, if the court cannot determine any controversy without

prejudice to parties not before it, it must require such persons to be made parties, or must dismiss the action without prejudice, the court ought not to render a decision between the parties before it, which would injuriously affect the rights of others who are not before it, until such other persons are made parties to the action, even though the defect of parties was waived, so far as the defendants were concerned by failure to object thereto.

2. Mandamus—Incumbent of Office Held Necessary Party to Mandamus to Compel Election of Another.—Where the fiscal court had theretofore elected a county treasurer, who was performing the duties of the office, but it was claimed his election was not in conformity with the statute, a decision granting mandamus to compel a new election of the treasurer necessarily held the first election invalid and removed the incumbent from office, and therefore should not have been rendered, where the incumbent was not made a party to the proceedings.

3. Mandamus—Officer Holding Under Void Election has a Right to be a Party, When that Fact is Adjudicated.—Even if the election of an incumbent to an office was void, he had a right to be before the court when that question and other questions affecting his substantial rights were decided, in proceedings for mandamus to compel a new election.

G. W. E. WOLFFORD for appellant.

THEOBALD & THEOBALD for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On the application of J. W. Strother and others, citizens and taxpayers of Carter county, the circuit court of that county granted a mandamus directing the members of the fiscal court to advertise for bids and to elect a county treasurer in the manner provided by section 929, Kentucky Statutes. The defendants appeal.

Section 28, Civil Code, is as follows:

"The court may determine any controversy between parties before it, if it can do so without prejudice to others; if it cannot do so, it must require such other persons to be made parties, or must dismiss the action without prejudice."

In construing this section it has been held that, although a failure to object for defect of parties is a waiver so far as the defendants are concerned, yet, where the cause is such that the court cannot render a decision between the parties without injuriously affecting the rights of others who are not before the court, it ought not to proceed until such other persons are made parties to the action. Johnson v. Chandler, 15 B. Mon. 584.

It appears from the amended petition that the fiscal court had theretofore elected a county treasurer, who had executed bond and was performing the duties of the office, but that his election was not in conformity with the statute. In deciding the case below, the court necessarily held the present incumbent's election invalid, and the practical effect of the judgment was to remove him from office. It will not do to say that it was not necessary to make him a party because his election was void, for even if void, he had the right to be before the court when that question and other questions affecting his substantial rights were decided. We therefore conclude that the court should not have proceeded to judgment until the present incumbent was made a party to the action. For the same reason we refrain from deciding at this time whether appellees may maintain the action, or mandamus is an appropriate remedy, or any other question now presented.

Judgment reversed and cause remanded for proceedings consistent with this opinion.