## Lonnie McPherson and Wife v. Black, et al.

(Decided June 8, 1926.)

### Appeal from Daviess Circuit Court.

1. Descent and Distribution—Advancement Does Not Create Relation of Creditor and Debtor and no Recovery can be Had for Excess of Advancement Over Donee's Distributable Share of Estate (Ky. Stats., Section 1407).—Under Ky. Stats., section 1407; an advancement bestows property in anticipation of donee's share in donor's estate, and does not create relation of creditor and debtor, and no recovery can be had for excess of such advancement over donee's distributable share of estate.

2. Descent and Distribution.—Advancements operate only on undevised property, and are ineffective, where entire estate has been devised without any mention of them.

3. Descent and Distribution—Decedent's Conveyance of Realty to Certain Children Under Deeds Designating Conveyances as "Advancements" and Retaining Lien to Equalize Other Children Held to Constitute "Advancements" to Extent of Vendee's Distributable Share in Estate, with Valid Obligation to Reimburse Other Children in Overplus.—Where deceased conveyed realty to certain children under deeds declaring conveyances to be "advancements," without any other consideration, reciting amount at which land was valued, and retaining lien to equalize other children in final settlement of estate, held that conveyance was "advancement" to extent of vendee's distributable share in estate, with valid obligation by vendee to reimburse other children in the overplus.

4. Descent and Distribution—Son who Received Cash Advance Greater than Other Children would Receive in Equalizing Shares Held Not Entitled to Invoke Provisions Respecting Equalization in Deeds Conveying Realty to Certain Children.—Decedent's son, who received cash advance greater than any other child would receive in equalizing distributable shares, held not entitled to invoke provisions of deeds conveying decedent's property to certain children which retained lien to extent necessary to equalize other children in final settlement of estate.

5. Limitation of Actions—Where Decedent Conveyed Realty to Certain Children Under Deeds Retaining Liens to Equalize Other Children on Final Settlement of Estate, and His Will Devised Life Estate to Widow, Held, that Cause of Action to Compel Equalization did Not Accrue Until Widow's Death.—Where decedent conveyed realty to certain children under deeds designating conveyances as "advancements," and retained liens to equalize other children on final settlement of estate, and his will devised his property to his widow for life with remainder to children, held, that cause of action entitling other children to compel equalization did not accrue until widow's death as respects limitations.

6.  Descent and Distribution.—Judgment equalizing shares of testator's children in estate held erroneous to extent that it omitted cash advance to certain son.

O. L. FOWLER and W. FOSTER HAYES for appellants.

L. P. TANNER and T. F. BIRKHEAD for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In the '70's and '80's William Roach, the father of thirteen children, together with his wife, executed four several deeds of conveyance of land to certain daughters. In each deed the conveyance was referred to as *an advancement;* no other consideration was paid, but the value of the property was fixed thus:

Minnie McPherson was conveyed 102 acres, valued at $918.00; Urith O. Hendrick 101 acres, valued at $1,313.00; Ferdinand C. Brown 102 acres, valued at $1,122.00; Loretto Brown 84 acres, valued at $672.00. There was a lien retained upon each tract in question to equalize the other children of the grantors with the grantee, some of the deeds granting a life estate in the first grantee, with remainder to her children; the equalization clauses being similar but not identical. In the deed to Minerva McPherson this clause reads:

"The parties of the first part make this conveyance as an advancement to the party of the second part and hereby value said lands at the sum of $9.00 per acre, and if upon a final settlement of the estate of the parties of the first part among their children there is not sufficient property to make the share of each child equal in value with the property hereby conveyed at the value herein set upon it, then a lien is hereby retained on said land to secure to the other children, or children of the parties of the first part in any sum necessary to make them equal with the party of the second part."

In the Hendrick's deed the condition is:

"The party of the first part makes this conveyance and deed of gift as an advancement to the party of the second part and values same to her at the sum of $13.00 per acre, and if upon a final settlement of the estate of the party of the first part among their children there is not sufficient of their

estate to make all and each of their children equal in property with the party of the second part or equal to the property hereby conveyed in value as herein set out, then the party of the second part hereby agrees to pay to the child or children of the first party a sum of money sufficient for that purpose and to this end a lien is hereby retained on said tract of land to secure them in any sum necessary to thus make them equal.''

The deed to Rebecca Brown citing:

''And in consideration that shall their estate on final distribution fail to net that sum (value of the land) to each heir, then the parties of the second part shall pay to the estate sufficient to make them equal, a lien being retained on the property herein conveyed to secure such payment.''

That in the Loretto Brown deed being:

''If upon a final settlement of the estate of the party of the first part among their other children there is not sufficient property to make each child's share thereof equal to the property hereby conveyed at the value set upon it then a lien is hereby retained on said land to secure the other child or children of the party of the first part in any sum necessary to thus make them equal with the party of the second part.''

In the succeeding years Wm. Roach advanced to his son George $900.00 in cash, and made a number of small cash advancements to each of the other children, though it does not appear that he conveyed any other real estate to any of them, and in the year 1900 died testate. By the terms of his will, which was duly probated, his estate was given to his wife for life; at her death the remainder to be equally divided among their children and the survivors of any that were dead leaving issue, except George was devised $5.00, with the further provision that this was all testator desired him to have. The estate consisted of personal property; no inventory was taken and its value is not shown, but from the other facts in the case it may be inferred that it was quite small, all of it being consumed by the widow during her lifetime.

Minerva McPherson is dead and Lonnie McPherson is her son and heir at law and thereby the owner of the interest conveyed to her; he also has the legal title to the

Rebecca Brown tract by deed from her heirs made in 1921. Shortly after the death of Mrs. William Roach one of the daughters brought a suit for settlement of her father's estate in which she set out the various cash advancements made to the different children of William Roach, and the conveyances above described, and sought to recover from the vendees therein a sufficient amount to equalize all of the children in the distribution of their father's estate and to have the above mentioned lands subjected to the liens reserved in the deeds; all of the heirs at law were made parties defendants and a number of these who had received only cash advancements by answer and cross-petition sought the same relief. The landowners denied that they were under any obligation to repay or to equalize with the others, or that the deeds mentioned created a lien upon the land conveyed to secure such equalization; denied that all of the cash advancements made to the various heirs were set out in the petition, but did not affirmatively allege that any other sum not specified in the petition was advanced to any one; also various statutes of limitation were pleaded. The matter was referred to the master commissioner, who, without taking proof, made his report upon the face of the pleadings. Upon exceptions to this report the judgment of the court omitted all reference to George Roach, who was disinherited by his father's will; also omitted a cash item of $170.00 admittedly advanced to Seymour Roach. It accepted the values fixed by the parties in the various deeds of conveyance mentioned and the amount of cash advanced alleged to have been given the different distributees aside from those above mentioned, and divided this by the number of shares in the William Roach estate now represented by surviving children or issue of deceased children and fixed the quotient as the share of each child, the decendants of such as were dead taking a *per stirpes* division. It adjudged an equalization upon this basis and upheld the lien on each tract to the extent that the value fixed in the deed exceeded the owner's distributable share in the estate as thus ascertained and ordered that a sufficiency of the land be sold to satisfy such lien debts.

It is urged for appellant that the deeds constitute technical advancements, which are not debts due the estate of deceased or collectible by suit; that advancements apply only to undevised estates, and that where a will is made without mentioning such prior advance-

ments that the latter must be disregarded in the settlement of the estate; and that as in this instance such a will was made, appellees can have no relief.

It is true that an advancement bestows the property in anticipation of the donee's share in the donor's estate and does not create the relation of creditor and debtor, and no recovery can be had for an excess of such advancement over the donee's distributable share of such estate. Ky. Statutes, sec. 1407; Owsley v. Owsley, 25 Rep. 1194; 18 C. J., sec. 201, pages 911-912; Farley v. Stacy, 177 Ky. 109; Echler v. Galbraith, 12 Bush 71. It may also be admitted that advancements operate only upon undevised property and are ineffective where the entire estate has been devised without any mention of them. 18 C. J. 918, sec. 220; Owsley v. Owsley, *supra;* Duncan's Trustee v. Clay, 14 Bush 48. In this case the testator devised his entire estate without any mention of former advancements. It is therefore clear that if the conveyances are advancements only, appellant's point is well taken. The question is as to the effect of the conveyances. Undoubtedly deceased was making a provision for the vendees in the various deeds with a view to a settlement in life and consistently designated his gift as an advancement and the conveyances must be so held to the extent of the gift, but it is evident that these instruments were not intended as an unqualified gift of all the land conveyed but rather this was restricted to the value of the vendee's distributable share in the vendor's estate upon final settlement, and it was not intended for the gift to her to be in excess of such distributable share. It was not known what this would be and provision was made for any contingency, it being expressly agreed that the excess over such share, if any, was to be refunded either to the father's estate or to the other heirs at law, in a way to secure an equitable distribution, with a lien retained on the land itself to secure such obligation. This was not an attempt by the parties to change the nature of the advancement, but a contract, fixing the amount of the advancement at the vendee's share in her father's estate, inclusive of the land thus conveyed, and constituted a valid obligation to reimburse the other heirs in the overplus. It will be observed that the deeds are not identical in regard to the person to whom the excess shall be paid. If construed as a contract for the benefit of the other heirs there can be no question but that in settlement of the

estate each of the distributees should be charged with the cash advancements he had received and the judgment of the lower court was proper.

On the other hand, if construed as an agreement to refund the overplus over and above her distributable share to her father's estate, as there is no reference to advancements in the father's will, perhaps this overplus would be the only fund to distribute, and in such distribution under the will the cash advancements should be omitted. But in charging these advancements to the other distributees appellant's obligation was decreased and the judgment against him was more favorable than it would have been otherwise, hence he cannot complain.

It is urged that the court erred in not including George E. Roach as one of the heirs at law in this distribution. It will be observed that, aside from disinheriting George in his will, the potency of which we need not consider, it further appears without contradiction that George has received cash advancements of $900.00, a sum far greater than any of the other heirs will receive in this equalization, and it is not intimated that there was any contract between the father and the children to whom cash advancements were made, hence George could not be made to refund any part of the cash advancements to him, and clearly the provisions mentioned in the deed cannot be invoked in his favor.

The statute of limitation is also pleaded, reliance being had on the fact that Wm. Roach died in 1900 and the amount of his estate was then known and a cause of action then accrued in favor of the other heirs. This position is untenable; the estate was devised to the widow for life with remainder to the children at her death, when a distribution of the estate should be had. This does not conflict with the construction we have given the deeds, hence the cause of action upon such distribution did not accrue in favor of the distributees until the death of the wife.

For some reason not appearing in the record the cash advancement of $170.00 to Seymour Roach was omitted, and if permitted to stand the judgment will result in his recovering that sum in excess of the amounts received by the other distributees, and in this respect the judgment is erroneous, and to this extent must be reversed.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.