## Town of Beaver Dam, et al. v. Vinson, et al.

(Decided March 9, 1928.)

### Appeal from Ohio Circuit Court.

1.   Pleading.—Where petition is inartfully drawn and contains nothing but conclusions of pleader, it is demurrable.

2.    Towns.—In action by citizens and taxpayers to enjoin collection
      by town of tax in addition to that authorized by Constitution, sec.
      157, to liquidate indebtedness due for purchase of fire apparatus
      under Acts 1922, c. 136 (Ky. Stats., Supp. 1926, sec. 3704a-1 et seq.)
      holder of indebtedness should be made party under Civil Code of
      Practice, sec. 28, since its rights were vitally affected.

    BARNES & SMITH, D. B. RHODES and GILMORE KEOWN for
appellants.

    OTTO C. MARTIN and HEAVRIN & HEAVRIN for appellees.

    OPINION OF THE COURT BY JUDGE DIETZMAN—Revers-
ing.

    In July, 1923, the town of Beaver Dam, then a city
of the sixth   class, purchased of the Obenchain Boyer
Company a motor driven fire truck and apparatus for
the sum of $2,472, of which $472 was paid in cash, the
balance being payable in four equal annual installments,
due one, two, three, and four years from the date of the
purchase, each installment bearing interest from the date
of the purchase until paid.   This purchase was made
pursuant to chapter 136 of the Acts of 1922, now section
3704a1 et seq. of the Statutes.   In 1924 Beaver Dam was
raised to the fifth class of municipalities, but seems not
to have discovered this increase of dignity until some
time after June, 1926.   In 1927 there was still due and
owing on the fire truck above mentioned the sum of $1,-
500.   The city council in that year passed an ordinance
levying in addition to the tax of 75 cents on the $100 of
taxable property in the town, as authorized by section
157 of the Constitution, a tax of 25 cents on the $100 of
such taxable property for the purpose of liquidating the
indebtedness yet due on this purchase of the fire appara-
tus.   This suit was thereupon brought by some citizens
and taxpayers of the town to enjoin the collection of this
25 cents additional tax.   A demurrer having been sus-
tained to the answer of the defendants below, appellants
here, and they declining to plead further, a judgment was
entered enjoining the collection of the tax, from which
judgment this appeal is prosecuted.

    The petition is very inartfully drawn and contains
nothing but conclusions of the pleader.   It was plainly
demurrable.   Whether or not the answer of the appel-
lants supplied any missing data on which the court could
properly enter a judgment enjoining the tax, we do not
at this time decide.   The appellee's theory of this case

was, first, that the indebtedness created in the purchase of the fire truck was void from its inception because incurred in violation of constitutional limitations, and, secondly, the appellant town had no right to levy any tax beyond the 75 cents provided for in section 157 of the Constitution. Manifestly, the rights of holders of the indebtedness incurred in the purchase of the fire apparatus are vitally involved if the appellees prevail on either theory of the case. In the case of Fiscal Court of Carter County v. Strother, 199 Ky. 824, 251 S. W. 1003, certain citizens and taxpayers of Carter county sought and were granted a mandamus directing the fiscal court to elect a county treasurer in the manner provided by the Statutes then in force. From the pleadings it appeared that the fiscal court had already elected a county treasurer who was performing the duties of the office, but it was alleged in the petition as amended that his election was not in conformity with the Statutes. We said that, in deciding the case below, the court necessarily held that the election of the county treasurer then in office was invalid, and that as his rights were involved the court should not have proceeded to judgment until he was made a party to the action. We further said:

"Section 28, Civil Code, is as follows:

" 'The court may determine any controversy between parties before it, if it can do so without prejudice to others; if it cannot do so, it must require such other persons to be made parties, or must dismiss the action without prejudice.'

"In construing this section it has been held that, although a failure to object for defect of parties is a waiver so far as the defendants are concerned, yet, where the cause is such that the court cannot render a decision between the parties without injuriously affecting the rights of others who are not before the court, it ought not to proceed until such other persons are made parties to the action. Johnson v. Chandler, 15 B. Mon. 584."

And so in the case before us, in granting the injunction sought by the appellees, the court necessarily held either that the creation of the indebtedness incurred when the fire apparatus was bought was invalid, or that the method by which the holder of the indebtedness so incurred was to be paid was unauthorized, or both. In any such event, the rights of such holder were vitally af-

fected, and the court should not have proceeded to judgment until such holder was made a party to the action and given an opportunity to be heard. When this case is returned to the circuit court, we suggest that the petition be amended so as to show accurately the possible revenue of the town of Beaver Dam from all sources during the year 1923, including license taxes, poll taxes, franchise, and all ad valorem taxes, its indebtedness, if any, which had been created prior to the purchase of this fire apparatus, and all other pertinent facts which will enable the court to say what was the financial condition of the town at the time this fire apparatus was bought. Pending the trial of this action in the lower court, it will temporarily restrain the collection of this tax on such terms as to bond that court may direct. ·

The judgment is reversed and cause remanded for proceedings consistent with this opinion.