## Commonwealth, for Use and Benefit of State Highway Commission v. Farmers' State Bank.

(Decided October 5, 1928.)

### Appeal from Union Circuit Court.

Parties.—Where residents of county executed notes to secure loans from banks to aid in construction of road through county, and upon bank's failure to pay state highway commission the money on ground that conditions of certificate of deposit had not been complied with, in that road as constructed did not conform to agreement with note makers that road would follow certain route, the commission brought suit against bank to enforce payment, held that note makers, as real parties in interest in view of Civil Code of Practice, secs. 23, 28, should be made parties.

L. C. FLOURNOY, JR., and W. T. HARRIS for appellant.

T. S. WALLER, JR., for appellee.

Opinion of the Court by Judge Rees—Reversing.

During the year 1918 there was proposed by the highway authorities of the state of Kentucky and the United States the construction of a federal aid road from Louisville, Ky., to Paducah, Ky., and three tentative routes were considered, one of which was to run through Union county and which was designated as Ohio River Route No. 1. In the construction of such roads at that time the state required the counties through which they passed to assume one-half of the cost.

It was estimated by the state and federal authorities that the cost of constructing this road through Union county would be $210,000, of which the county was to pay one-half. Union county was desirous of obtaining the road, and the fiscal court of the county called a special election to be held on the 12th day of June, 1919, for the purpose of taking the sense of the voters upon the question of levying a tax of 20 cents on all the taxable property of the county for a period of three years for the purpose of paying Union county's portion of the cost of the construction of the proposed road. The tax was voted, levied, and collected, and amounted to approximately $105,000. After further surveys and estimates were made it was found that the cost of constructing the road through the county would be approximately $370,000 instead of $210,000 as originally estimated, and the commissioner of public roads notified the fiscal court of Union county that it would be required to bear one-half of the cost, or $185,000.

It became necessary therefore for Union county to raise $80,000 in addition to the amount to be raised by the special 20-cent tax. The fiscal court appropriated the sum of $15,000 out of current revenues and the remaining $65,000 was raised by private subscriptions. A number of citizens of Union county executed notes payable to the treasurer of the county with the understanding that these notes were to be discounted at the various banks in the county and the banks were to place the proceeds of the notes on deposit to the credit of the commissioner of public roads of Kentucky. All of the notes were the same except as to amounts and names of the subscribers, and were as follows:

"Whereas Union county, the county of my residence, desires and proposes to aid the federal and state government in the building and construction of

a federal and state highway through Union county, Kentucky, from Louisville, Kentucky to Paducah, Kentucky, to be known as Ohio River Route No. 1, and whereas there is a deficiency of $65,000 of the public funds of Union county necessary for the build-- ing and construction of said highway through said county, now, in consideration of the public benefit to be derived to the people of Union county and to me as an individual resident of Union county from the building and construction of said highway through said county, I hereby agree and promise to pay to the order of Thomas S. Waller, Jr., treasurer for Union county, Kentucky, the sum of $————, negoti- able and payable at the ———— bank as follows.''

The notes of a number of subscribers amounting in all to the principal sum of $5,400 were discounted by the appellee, Farmers' State Bank, and the proceeds depos- ited subject to the order of the commissioner of public roads of Kentucky. The bank issued and delivered to the commissioner of public roads the following certificate of deposit:

''This is to certify that there is on deposit in the Farmers' State Bank the sum of $5,400 subject to the order of the commissioner of public roads of Kentucky, to be used for building a federal aid road through Union county, route No. 1, as designated in notes taken by county treasurer. Should the road be established on any other route this certificate shall. be null and void. Said sum of money available on demand as follows:

| | |
|---|---|
| $1,816.67 | 1919 |
| $1,791.67 | 1920 |
| $1,791.66 | 1921 |

''This August 2, 1919.
''(Signed)   W. W. Slaton, President.
''Mark Eastin, Cashier.''

On April 16, 1926, the appellee having refused to pay to the state highway commission the money which it had on deposit under this certificate of deposit, this suit was brought to enforce the collection of the money from the appellee. Appellee answered alleging that the conditions of the certificate of deposit had not been complied with and that by reason thereof the certificate was null and void and that it should not be required to pay any part

thereof, and asked that the certificate of deposit be canceled.

The case was tried upon an agreed statement of facts, and the circuit court adjudged that the conditions of the certificate of deposit had not been complied with and that it should be canceled, and from that judgment this appeal is prosecuted.

Ohio River Route No. 1, as designated by the commissioner of public roads at the time the subscriptions were made and the notes heretofore referred to were executed, after leaving the Henderson county line, went through Union county, "passing through Waverly, Morganfield, and Sturgis and crossing Tradewater river at or near the mouth of Cypress creek." Sturgis is located about 1½ miles from the Tradewater river at the mouth of Cypress creek. The road as finally constructed followed the route as originally designated from the Henderson county line to Sturgis, a distance of about 20 miles, but instead of continuing to the Tradewater river and crossing it near the mouth of Cypress creek, the route was changed so that the road as now constructed deviates from the route originally designated and extends from Sturgis to Perry's Ferry near Sullivan in Union county and crosses the Tradewater river at that point, which is approximately 7 miles, following the meanderings of the river, from the mouth of Cypress creek.

It is the contention of the appellee that it was the understanding of the note makers and the appellee who took the notes that the road should be constructed from Louisville to Paducah through Union county from the Henderson county line through Waverly, Morganfield, and Sturgis and crossing Tradewater river at or near the mouth of Cypress creek, and that, because the road did not cross Tradewater river at that point, but crossed it at a point several miles distant, the notes and certificate of deposit are null and void.

It is appellant's contention that there was not only a substantial but a literal compliance with the conditions named in the certificate of deposit and notes executed for the subscriptions.

Be that as it may, we are of opinion that no question raised on this appeal affecting the validity of the certificate of deposit and the notes should be determined by this court until all parties affected by this controversy are before it.

A number of citizens of Union county executed the notes, which were discounted by appellee and the proceeds of which are now in controversy. The makers of these notes are not parties to this proceeding. By section 23 of the Civil Code of Practice any person may be made a defendant who claims an interest in the controversy adversely to the plaintiff, or who is a necessary party to a complete determination of the question involved, and section 28 provides:

"The court may determine any controversy between the parties before it, if it can do so without prejudice to others; if it cannot do so, it must require such other persons to be made parties, or must dismiss the action without prejudice."

In the case of Fiscal Court of Carter County v Strother, 199 Ky. 824, 251 S. W. 1003, referring to this section of the Code, we said:

"In construing this section it has been held that, although a failure to object for defect of parties is a waiver so far as the defendants are concerned, yet, where the cause is such that the court cannot render a decision between the parties without injuriously affecting the rights of others who are not before the court, it ought not to proceed until such other persons are made parties to the action. Johnson v. Chandler, 15 B. Mon. 584."

The circumstances surrounding the individual subscribers involved do not appear in the record, and it is possible that the road as constructed amounted to a substantial or even strict compliance with the conditions so far as some of the subscribers are concerned while not a substantial compliance as to others. This would depend upon the facts in each case. In any event the note makers are the real parties in interest. The appellee is only a trustee or stakeholder. In view of the importance to the note makers of the questions presented here, we conclude that they should be made parties in order that the controversy may be determined without prejudice to any interested parties.

Wherefore the judgment is reversed and the cause remanded for further proceedings consistent herewith.