## White v. Walker.

(Decided November 20, 1928.)

### Appeal from Whitley Circuit Court.

1. Parties.—If court cannot determine controversy without prejudice to others, it must require such other persons to be made parties, or dismiss the action without prejudice, under Civil Code of Practice, sec. 28.

2. Dismissal and Nonsuit.—Court held without power to enter final judgment in taxpayer's suit against county superintendent of schools to recover moneys paid superintendent as salary, where

county was not joined as party; court being required, under Civil Code of Practice, sec. 28, to dismiss without prejudice or require county's joinder.

B. B. SNYDER for appellant.

STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellant, James White, is a citizen and taxpayer of Whitley county. The appellee, Samuel Walker, for 8½ years prior to July 1, 1926, was the superintendent of schools of Whitley county. He was employed for a 4-year term in 1921, the term to begin with the beginning of the year 1922. At the time of his employment his salary was fixed at $2,000 a year and expenses incurred in the discharge of his official duties. In September, 1922, an order was entered by the county board of education whereby his salary was fixed at $2,400 a year, with reasonable expenses incurred in the discharge of his official duties. The last order was retroactive, and was intended to make his salary $2,400 and expenses from the beginning of the year 1922.

Walker received $400 each year for four years more than the $2,000 mentioned in the first order. White requested the county board of education to institute a suit against Walker for the purpose of recovering $1,600, which White alleged had been illegally paid him. The county board of education declined to institute a suit, and White, in his own right and for and on behalf of the other taxpayers in the county, instituted this action to recover $1,600 from Walker for the use of the county board of education. Walker defended, on the ground that the first order fixing his salary included his expenses, and that the expenses allowed in the order were a part of his salary. Under prior orders he had received his salary, and also had been paid his expenses, but after the increase to $2,400 he paid his own expenses. Therefore he filed a counterclaim, in which he set up the expenses which he had incurred and which had not been paid by the county board of education. The lower court allowed a large part of his expense account, and because the amount so allowed exceeded the amount sued for by White the petition of White was dismissed.

White has appealed from the judgment, and is insisting that the expenses allowed by the court were not

proper charges against the county board of education, and that he should have recovered $1,600 from Walker for the use of the county board of education. As to whether he is correct in his contentions we will not now decide. The county board of education should have been made a party defendant to the action. Unless it is a party, it is not bound by any judgment which may be entered. Under the provisions of section 28 of the Civil Code, the court may determine any controversy between parties before it, if it can do so without prejudice to others. If the court cannot determine the controversy without prejudice to others, it must require such other persons to be made parties, or must dismiss the action without prejudice. Since the judgment is not binding on the county board of education, the controversy could not properly be determined without its being made a party to the proceedings. Pulaski County v. Bates (Ky.), 10 S.W.(2d), Rev. No. 2985B, this day decided.

As the court did not make the board a party to the action, it was without right to dismiss the petition of White absolutely, but should have dismissed it without prejudice. For this reason the judgment of the lower court must be reversed. The county board of education should be made a party to the action, and the court may then dispose of the controversy on its merits. The court should not have proceeded to final judgment until the county board of education was made a party to the action. Town of Beaver Dam v. Vinson, 223 Ky. 490, 3 S.W.(2d) 1090. No question is decided on this appeal, other than that the court had no power to enter a final judgment until the county board of education had properly been made a party to the action.

Judgment reversed, and cause remanded, for proceedings consistent with this opinion.