## Mart's Executor v. Potts.

(Decided December 21, 1928.)

FLOURNOY & FLOURNOY for appellant.

H. M. DAVIS for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Isaiah L. Potts died intestate in 1885, survived by his wife, Savannah, and seven children. Shortly after his death, a partial partition was made of the lands left by Potts. The home tract of 48 acres was set apart to the widow as dower, and a boundary containing 24 acres was allotted to Bedford Potts, a son. The partition proceeded no further, but the assignment of the two tracts mentioned was accepted by the beneficiaries and acqui-

esced in by all the heirs. The widow, Savannah Potts, remarried and lived on the home place until her death in 1920. This action concerns the ownership of the dower tract of 48 acres. Sallie L. Blackwell, H. L. Pride, Thomas Pride, Lota Vance, Lizzie McCulley, and M. F. Mart instituted the action in 1922, against T. M. Potts for a sale of the dower land and division of the proceeds. The plaintiffs other than Mart, were the children of Mary J. Pride, a deceased daughter of Isaiah L. Potts, and claimed an undivided one-fifth of the dower tract by inheritance from their mother. Mart claimed an undivided one-fifth interest as remote vendee of Bedford Potts, a son of Isaiah L. Potts. T. M. Potts claimed an undivided three-fifths by virtue of purchases from Sanford Potts, W. W. Potts, and C. C. Potts, all sons of Isaiah L. Potts. The claims, in fact, should be for undivided sevenths, as will later appear.

It is claimed that John T. Potts and Bluford Potts, two of the sons of Isaiah L. Potts, were excluded from ownership of any part of the dower tract by a judgment of the Union circuit court charging them with advancements, and that left the land to descend to the other five heirs. The children of Mary J. Pride later filed a statement to the effect that they had sold their entire interest to one I. L. Potts, and desired to be dismissed from the action. The circuit court adjudged that M. F. Mart had no interest in the land and dismissed his petition. It further adjudged that T. M. Potts owned a three-fourths interest, but did not decide who owned the remaining one-fourth, and made no division or decree of sale. It may be that I. L. Potts, as purchaser from the heirs of Mary J. Pride, held one interest, but the judgment is silent upon the subject. Mart appeals, and it is necessary to determine what interest he has in the land. It is not denied that the undivided interest of Bedford Potts was conveyed by him to G. R. Woodring. Whatever interest he had now belongs to the appellant. But it is claimed that appellant acquired no interest, on the ground that Bedford Potts was excluded by a judgment from participating in a division of the dower tract, and that a deed from Woodring made in 1903, which is in appellant's chain of title, is champertous and void.

In 1886 an action was filed by a creditor of Wm. Potts to subject his undivided interest in the lands formerly owned by his father. The widow and six living sons of Isaiah L. Potts, and the real representatives of

the deceased daughter, Mary J. Pride, were made defendants and properly served with process. In order to enlarge the interest of the debtor, Wm. Potts, it was alleged that two of the sons, Bluford and John T. Potts, had received advancements from their father and did not claim any further interest in the lands. In 1887, one of the defendants, Stanford Potts, filed an answer and cross-petition againt John T. Potts, seeking to charge him with an advancement and equalize him with the other heirs. After considerable delay, a settlement of the creditors' suit between the plaintiffs and Wm. Potts was noted of record. A decree was entered in the cross-petition of Standford Potts against John T. Potts, adjudging that the deed to John T. Potts constituted an advancement from his father and should be charged to him at $500. It further ordered that John T. Potts take nothing from the estate until the other heirs were made equal. The case was referred to the commissioner to take proof and report who of the heirs had received advancements. Later an order was entered to the effect that Bluford Potts and Bedford Potts had received advancements to the full extent of their shares, and that they claimed no further interest in the estate. Partition of the lands, other than the dower land, was ordered to be made among W. W. Potts, C. C. Potts, Stanford Potts, and the real representatives of Mary J. Pride, deceased, and this was apparently done. It is upon this order that a claim is made that Bedford Potts, Bluford Potts, and John T. Potts were excluded from participating further in the estate of their father, and that the remainder estate in the dower tract descended to W. W. Potts, C. C. Potts, Standford Potts, and the heirs of Mary J. Pride to the exclusion of the other three. This explains the reference in the judgment now under review to a three-fourths interest, as the appellee, T. M. Potts, had acquired the interests of Stanford Potts, W. W. Potts, and C. C. Potts.

Argument as to the validity of that judgment is wholly immaterial. It did not deal with or affect the remainder estate in the dower tract of 48 acres. The assignment of that tract to the widow as dower gave her a life estate therein, and the remainder interest was vested in the children of Isaiah L. Potts. The partition suit did not relate to the remainder interest, but to the other lands, and, upon the termination of the life estate of the widow, the owners of the remainder interest were entitled to have it divided, or, if indivisible, to have it

sold and the proceeds divided. The judgment in the former action did not purport to divest the title of any of the remaindermen in the dower tract. That subject was not before the court. The case related solely to a division of the lands other than the dower tract. It is plain that the six sons of Isaiah L. Potts each took an undivided one-seventh interest of the dower tract, subject to the dower right of the widow, and the remaining one-seventh was vested in the heirs of the deceased daughter, Mary J. Pride, subject to the widow's right to use and occupy the land for life.

The appellant is clearly entitled to the interest of Bedford Potts in the 48 acres that was allotted to the widow. The suggestion that the deed from Woodring to Mart, made in 1903, was void because of adverse possession, is not sound. The possession of the doweress, or her vendee, T. M. Potts, was not adverse to the remaindermen, and sale and conveyance by them was not affected by section 210, Kentucky Statutes. One in possession of land under a deed conveying only a life estate is not holding adversely to the remaindermen. Boggess v. Crail, 224 Ky. 97, 5 S. W. (2d) 906; May v. C. & O., 184 Ky. 493, 212 S. W. 131; Russell v. Tipton, 193 Ky. 305, 235 S. W. 763; McPherson v. Black, 215 Ky. 92, 284 S. W. 413, 46 A. L. R. 1424; Smith v. Richey, 185 Ky. 519, 215 S. W. 429.

The appellee is entitled to the interests acquired by him from W. W. Potts, C. C. Potts, and Stanford Potts. I. L. Potts is apparently entitled to the interest of the heirs of Mary J. Pride. That leaves outstanding the interests of John T. Potts and Bluford Potts, and they are not parties to this suit. Neither is I. L. Potts. In the absence of these necessary and indispensable parties, no proper judgment can be rendered, and it is the duty of the court to bring all such parties before it. Civil Code, sec. 28. Fiscal Court of Carter County v. Strother, 199 Ky. 827, 251 S. W. 1003.

It will therefore be necessary to reverse the judgment, with directions to bring all the necessary parties before the court, in order that the present ownership of the land may be finally determined and such proceedings taken as may then appear to be proper.

The judgment is reversed for proceedings in accordance with this opinion.