## Pendley v. Lee et al.

(Decided March 11, 1930.)

W. S. HOLMES for appellant.

LOGAN, GILLIAM & LOGAN for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Otto Pendley filed his petition in the Butler circuit court, in which he alleged that he had the legal title and possession of a tract of land in Butler county; that appellees, Fannie Lizzie Lee and Andy Lee, were making claim of title or interest to or in the land, which claim was hostile to the title of appellant, and that the claim was to a one-half undivided interest in the tract of land; that the claim, although without foundation, was a cloud on the title of appellant and impaired the value of his land; that in 1900 one John W. Doolin and wife, father and mother of Fannie Lizzie Lee, conveyed to her 100 acres of land, expressly providing in the deed that it

was to be her entire share in their estate; that she accepted the conveyance, thereby waiving and relinquishing any further claim to the real estate of the grantors; that she and her husband accepted the conveyance, took possession of the land described therein, and sold it; that by reason of these facts they were barred from any further interest in the real estate of John W. and Sally Doolin.

The prayer was that the title to the land be quieted, and that Fannie Lizzie Lee and her husband be required to release to appellant all claims they had to the land.

A general demurrer was sustained to the petition. That was proper, as there was no allegation in the petition that Pendley had obtained the tract of land described in the petition from John W. Doolin and wife, or from those who had come into ownership and possession of it through them. A copy of a deed from Herbert Truelove and wife to Otto Pendley for the land in controversy was filed as an exhibit with the petition. It was alleged in the petition that John W. Doolin was the owner of that land when he died, but his heirs were not named.

Another deed was filed as an exhibit which was the deed from John W. Doolin and wife to Fannie Lizzie Lee and Andy Lee. This deed showed, on its face, that it was for a good consideration, and it contained this provision: "This conveyance is made to said Fannie Lizzie Lee as being her entire share of my landed estate, and she accepts this conveyance and waives or relinquishes any and all claims in my real estate. This being her share of said estate with the limitations mentioned in this deed."

The petition attempted to allege that Fannie Lizzie Lee accepted the conveyance of 100 acres to her in full satisfaction of any claim that she might ever have in her father's real estate, and that at the death of John W. Doolin he left real estate which had been conveyed to Pendley.

The appellant filed an answer before filing the general demurrer, but the answer was only a traverse.

Appellant filed an amended petition alleging that John W. Doolin had two children, one of whom married Andy Lee and who received her full interest in the real estate of her father by reason of the deed referred to; that Doolin had remaining 150 acres of land after conveying away the 100 acres, which he owned until his

death; that at his death he left one daughter other than Mrs. Lee, who married Herbert Truelove; that, upon the death of her father, Mrs. Truelove became the owner of all of the real estate owned by her father, John W. Doolin, at the time of his death; that she and her husband conveyed the entire tract of land to appellant; that this conveyance was made to him on September 4, 1916, and that he has remained in possession since; that the conveyance to Fannie Lizzie Lee and her husband was an advancement, and that appellees should be charged with the rents and profits of the land since September 10, 1900, the day on which it was conveyed to them; that the value of the land conveyed to appellees was of equal or greater value than the land conveyed by Mrs. Truelove and her husband to Pendley; that the personal estate of John W. Doolin had been distributed among his widow and heirs; and that there was no personal property for distribution at the time of the institution of this action.

Pendley filed a second amended petition correcting some slight errors in his original and first amended petition, and alleged that he had been in the actual adverse possession of the tract of land continuously for more than fifteen years. He alleged that the date on which he obtained possession of the land was September, 1916, and as this second amended petition was filed on December 5, 1928, it is obvious that his plea of adverse possession was without merit.

Later he filed another amended petition in which he alleged that appellees were claiming an undivided one-half interest in his tract of land when they were without any right to any of the land; that appellees knew that appellant had been in possession of the land for many years claiming it as his own, and they had stood by and watched him place upon the land valuable and lasting improvements; and that by reason of their conduct they were estopped to claim any interest in the tract of land.

After appellant had finished pleading, a general demurrer was filed to his petition as amended and sustained by the court. He has appealed to this court.

Counsel for appellant rely on section 11 of the Ky. Stats., as authority for his method of procedure. That section allows any person who has the legal title and possession of lands to prosecute a suit by petition in equity against any other person setting up claims to

the land, and if the person having the legal title and possession shall establish his title to the land, the chancellor shall decree that the claimant shall release his claims thereto. This section is not authority for the maintenance of the suit, because appellant did not have legal title to the land. When John W. Doolin died, the land descended to his heirs and one-half vested in one daughter and one-half in the other daughter. Appellant obtained a deed from one daughter purporting to convey the entire estate, but the record discloses that she was the owner of only a one-half undivided interest in the property, and therefore could not convey a legal title to the other one-half unless the deed which was executed to appellees and accepted by them had the effect of divesting Fannie Lizzie Lee of her title to the other one-half in the land. In the case of Elliott v. Leslie, 124 Ky. 553, 99 S. W. 619, 124 Am. St. Rep. 418, this court had under consideration a contract between a father and son by the terms of which the son, in consideration of a cash payment, undertook to release his future interest in the estate of his father. It was held that the son, by the terms of the contract, attempted to dispose of a mere expectancy, and that the contract was therefore invalid. The court stated that in every sale of land there must be a grantor, a grantee, and a thing in being to be granted, and that the son had no present interest in the estate of his father and for that reason there was nothing in being to be disposed of. The court recognized, in that opinion, that the courts generally are disposed to uphold the validity of such contracts when they are evidenced by writing, signed by the parent, fairly executed and free from all fraud. On this question our court is with the minority, and it may be said that we stand almost alone in holding that such contracts are invalid. There are strong reasons, however, for the position taken and adhered to by this court. The relations between a father and son, or daughter, are highly confidential. The child, in many instances, would not be inclined to oppose the will of the parent, and if such contracts are binding the child without knowing what the future may hold might dispose of his or her interest in a large estate for an inconsiderable sum. On the other hand, if the child was willing to accept a sum certain in lieu of some indefinite or uncertain sum in the future, it would be gambling with fate. An improvident son pressed by the necessities of the occasion might be

induced to surrender his heritage at a time when he was not capable of entering freely into such a contract.

When Mrs. Lee agreed by accepting the deed that she would take the land conveyed to her and surrender any future interest that she might have in her father's real estate at the time of his death, she was selling an expectancy the same as if she had agreed to surrender her interest in his estate for a cash consideration.

This does not mean that appellant is wholly without remedy. All of the rights and title that Mrs. Truelove had in the real estate of her father passed to appellant. He stands in her shoes. In an amended petition he set up that by the acceptance of the land which was conveyed to her and her husband she was estopped to claim any interest in the land now claimed by him. He also set up that the land conveyed to her should be treated as an advancement, and that it was of value equal to the value of the land which was conveyed to him. By the provisions of section 1407, Ky. Stats., any real property given by a parent to a child shall be charged to the child as an advancement, and such child shall receive nothing further from the estate until the others entitled to their distributable shares are made proportionately equal with him according to his descendable and distributable share of the whole estate devised and undevised. The advancement must be estimated according to the value of the property when given. It appears to us, therefore, that Mrs. Lee was entitled to one-half the value of the 150 acres of land owned by John W. Doolin at the time of his death in the settlement of his estate, but against this one-half interest must be charged to her the value of the tract of land which was conveyed to her and her husband by her father, and the value should be ascertained as of the date of the conveyance to her. If the 150 acres is of greater value than the 100 acres at the time it was conveyed to her, she is entitled to one-half of the difference which may be paid to her in cash, whereupon the chancellor shall adjudge that she has no further interest in the 150 acres now owned by appellant. If the land which was conveyed to her and her husband was at the time of the conveyance of greater value than the 150 acres owned by appellant at the time of the death of John W. Doolin, the court shall adjudge that she has no further interest in the land conveyed to appellant. If the 100 acres conveyed to her and her husband was worth more than the 150 acres at the time of the death of her father,

she cannot be compelled to refund to the estate, or to appellant, any part of the excess. McPherson v. Black, 215 Ky. 92, 284 S. W. 413, 46 A. L. R. 1424. Mrs. Truelove was entitled to receive as much as the full value of the 100 acres at the time it was given before Mrs. Lee was entitled to anything.

The petition and the amended petitions contained allegations sufficient to require appellees to set up their claim, if any they make, to the 150 acres of land. When this shall have been done, proof should be taken as to the value of the 100 acres at the time it was conveyed and the value of the 150 acres at the time of the death of John W. Doolin.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.