# Ferguson's Guardian et al. v. Ferguson et al.

(Decided June 20, 1930.)

HITE H. HUFFAKER, JOHN R. MOREMAN, W. K. STEELE and KIRK & WELLS for appellants.

STRATTON & STEPHENSON and J. M. BOLLING for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Vernon Ferguson was the owner of a tract of land which he had received from his father, J. M. Ferguson. Vernon Ferguson died, leaving surviving him his wife, who thereafter gave birth to a child named Vernon Ferguson, Jr., who was the only child and heir at law of Vernon Ferguson. Some time after his death his widow, Florence Cox Ferguson, married C. F. McCoy by whom she had four children, three boys and a girl. C. F. McCoy was appointed and qualified as the statutory guardian of

Vernon Ferguson, Jr., with the United States Fidelity & Guaranty Company of Baltimore, Md., as his surety. When Vernon Ferguson, Jr., was about fifteen years of age, the United States government, by a proceeding in the United States Court for the Eastern District of Kentucky, condemned a portion of the land which he inherited from his father for a site for a hospital for disabled veterans, and the damages awarded were paid to McCoy as guardian. When about seventeen or eighteen years of age Vernon married Vadna Newsome. In 1927, and while yet an infant, he departed this life intestate and without issue, and left surviving him his widow, Vadna Newsome Ferguson, his half brothers and sister, the children of his mother and stepfather, C. F. McCoy, and his grandfather, J. M. Ferguson.

Claiming that the proceeds of the land inherited by Vernon Ferguson, Jr., from his father, and sold in the condemnation proceeding, were real estate, and on the death of Vernon Ferguson, Jr., who died intestate during infancy and without issue, passed to him under section 1401, Kentucky Statutes, subject to the rights of the widow, J. M. Ferguson brought this suit against the guardian and his surety to surcharge the settlement and to recover the balance found to be due by the guardian. During the action A. D. Cline was appointed committee of John M. Ferguson. On final hearing judgment was rendered in favor of Ferguson and his committee, and also in favor of the widow of Vernon Ferguson, Jr., for certain portions of the balance found to be due by the guardian. The guardian and his surety appeal.

Section 28, Civ. Code Prac. is as follows: ''The court may determine any controversy between parties before it, if it can do so without prejudice to others; if it cannot do so, it must require such other persons to be made parties, or must dismiss the action without prejudice.'' In construing this section it has been held that, although a failure to object for defect of parties is a waiver, so far as the defendants are concerned, yet, where the cause is such that the court cannot render a decision between parties without injuriously affecting the rights of others, who are not before the court, it ought not to proceed until such other persons are made parties to the action. Johnson v. Chandler, 15 B. Mon. 584; Fiscal Court of Carter County v. Strother, 199 Ky. 827, 251 S. W. 1003. The

decision below was based on the principle that, the real estate of the infant having been converted into money by order of court, it remained real estate, and, having been derived from the infant's father, it passed on the infant's death under section 1401, Kentucky Statutes, to his grandfather, subject to the dower rights of his widow. On the other hand, if the money paid for the land in the condemnation proceeding was personal property, the infant's father being dead, it passed on the infant's death to his mother, subject to the rights of his widow, section 1393 and 1403, Kentucky Statutes, but, if his mother was dead, it passed to his half brothers and sister, section 1395, Kentucky Statutes.

None of the parties who would take if a conversion into personalty was effected were before the court. The result is that, if the judgment be affirmed, the money will be distributed without their having an opportunity to be heard. It will not do to say that the decision below was correct, and that those not parties had no interest in the property involved. Even if that be true, they had the right to be before the court when the question was decided and the question could not and cannot now be decided without prejudice to their rights. Fiscal Court of Carter County v. Strother, supra. We therefore conclude that the court should not have proceeded to judgment until the person or persons who would take if the property was converted into personalty were made parties to the action. In the circumstances, we refrain from deciding any of the questions involved.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.