# Cumberland Pipe Line Company v. Raider.

(Decided February 10, 1931.)

JOHN H. GARDNER for appellant.

T. B. BLAKEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN—Reversing.

Appellee instituted suit against the appellant alleging that he was the owner of a 1/28 interest in a certain tract of land in Lee county, and that he was the owner of on undivided 1/224 royalty interest in all the oil produced from the tract of land. It is alleged in the petition that his title to the interest in the land is shown by a judgment entered in the Lee circuit court in a case wherein George H. Ambrose and appellee were plaintiffs against one James Raider, defendant, and that the judgment was entered in May, 1923; that at the time of the entry of the judgment, and for several years prior thereto, appellant had been taking oil from the land, including the interest that plaintiff had in the oil. He alleged a demand for payment and a failure to pay.

Appellant filed an answer and a cross-petition against A. W. T. Davis, in which it denied that appellee owned any interest in the land, or the oil which had been taken from the land, but the answer admits that appellant had received the oil from the property as a common carrier. As a further defense, and for cross-petition against Davis, it was alleged that Albert Raider conveyed all his royalty interest in the oil produced from the land to one James Raider, who, prior to the suit of George H. Ambrose and Albert Raider against James Raider, sold and conveyed the interest which he had obtained from Albert Raider to A. W. T. Davis, and that, at the time of the action by appellee and Ambrose against James Raider, he did not own any interest in the oil

royalty, and that he made no defense to the action, and that Davis was not a party to the action, and that his rights were not litigated therein. It was alleged that Davis was a necessary party to this action. It was alleged that Davis had presented to the appellant the conveyance from James Raider to him, and had demanded delivery of the oil covered by the deed to him, and that he was at the time claiming to be the owner thereof, and that appellant could not pay the proceeds of the oil, if sold, to Albert Raider until the controversy over the title between Davis and Albert Raider should be determined.

A reply was filed in which it was denied that Davis had any interest in the subject-matter of the controversy. Proof was taken, and appellee testified that he executed no deed of conveyance to James Raider, and that the deed was executed without his authority or knowledge, or without the authority or knowledge of his wife. It was shown by the proof that Davis knew of the pendency of the first action as well as of this action, and that he made no defense, although he had been fully advised as to the pendency of the action. It is not established by the rcord that Davis was brought before the court in either action, but, on the other hand, the record shows to the contrary.

The appellant introduced the notary public who took the acknowledgment of appellee and his wife to the deed to James Raider, as is shown by the deed, and he testified that the deed was executed, signed, and acknowledged by appellee and his wife. The chancellor adjudged that Raider was the owner of an undivided 1/224 royalty interest in all the oil produced, and to be produced, from the boundary of land described in the petition, and appellant was directed to sell the oil and turn the proceeds over to appellee, less a certain percentage adjudged to belong to his attorney.

The question first confronting us is whether, under the provisions of section 28 of the Civil Code of Practice, Davis was a necessary party to this action. It has been held that, where an action cannot be decided without injuriously affecting the rights of those not parties to the suit, they should be made parties. Town of Beaver Dam v. Vinson, 223 Ky. 490, 3 S. W. (2d) 1090; Com. v. Farmers' Stats Bank, 225 Ky. 759, 10 S. W. (2d) 274; White v. Walker, 226 Ky. 326, 10 S. W. (2d) 1071; Mart's Ex'r v. Potts, 227 Ky. 125, 12 S. W. (2d) 278; Central Ken-

tucky Natural Gas Co. v. Stevens, 134 Ky. 306, 120 S. W. 282.

Davis was a necessary party to this action. At the time of the cancellation of the deed claimed to have been executed by appellee and his wife to James Raider, Davis had a deed of record which had been executed to him by James Raider. Raider made no defense. He was not interested. The cancellation of the deed did not affect him. When it was made known to the court, as it was by the answer and cross-petition in this case, that Davis was claiming an interest in the subject of the controversy, he should have been made a party to the action and brought before the court. The rights of the parties should not be determined in this court, or in the circuit court, without his having an opportunity to be heard. Appellant could be relieved of any further interest in the litigation by paying the proceeds of the oil into court, and the controverted question would then be one between appellee and Davis. We determine no question but that Davis was a necessary party to the action.

Judgment reversed and cause remanded for proceeding consistent with this opinion.