# Moore v. State Board of Charities and Corrections et al.

(Decided March 27, 1931.)

GUY H. BRIGGS for appellant.

J. W. CAMMACK, Attorney General, S. H. BROWN, Assistant Attorney General, HOWARD GENTRY and LESLIE W. MORRIS and H. W. BATSON for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

This suit was brought to test the constitutionality of chapter 149 of the Acts of 1930, now sections 4202a-1 to 4202a-12 of the 1930 Supplement to Carroll's Statutes, and popularly known as the Gross Sales Tax Law. The plaintiff below and appellant here is Forrest Moore who brings the suit as a general taxpayer. So far as this record shows, he is not one of that class which will be compelled to pay any tax under the act in question. In his petition, the appellant averred that the state board of charities and corrections which, under the act, is given, for the specific purpose of repairing, maintaining, and constructing permanent improvements for the use of the institutions under its control, one-half of the proceeds of the gross sales tax, after the cost of its collection has been deducted, had entered into contract with

J. M. Perkins, the owner of a tract of land adjoining that upon which the State Reformatory at Frankfort stands, whereby Perkins agreed to convey that tract to the state board of charities and corrections for the sum of $24,000, it being expressly agreed in the contract that said consideration was to be payable only out of the board's revenues arising from the collection of the gross sales tax. In the event said law should be declared unconstitutional, the contract provided that either party reserved the right to terminate it. Pending the determination of that question, the state board of charities and corrections agreed by the terms of the contract to pay as rental for the use of the land a sum equal to five per. cent. of the purchase price. Moore averred that the state board of charities and corrections purposed paying this rental out of its general fund which it intended to reimburse later on from collections of the gross sales tax. He further averred that the state board of charities and corrections was threatening to and would, unless enjoined, proceed to erect upon the land thus leased certain permanent improvements, financing the same out of the general fund which was to be reimbursed with the proceeds of the gross sales tax when collected. He further averred that the state tax commission was expending large sums of money in the preparation of blanks and in the administration of the law which they had no right to do because of its unconstitutionality. He prayed that the state board of charities be enjoined from proceeding further with the contract, and the state tax commission be enjoined from proceeding further in the effort to administer the law. In the petition there is set out in some detail the respects in which the plaintiff claimed the Gross Sales Tax Law to be unconstitutional. The defendants filed an answer merely traversing the grounds of the unconstitutionality of the act. On the hearing the appellant introduced one short affidavit. The appellees took proof by witnesses heard orally in court. Thereupon the case was submitted. The chancellor upheld the constitutionality of the act and dismissed the petition. Moore has appealed.

Of the five or six grounds relied upon by appellant to establish the unconstitutionality of the Gross Sales Tax Law, the most important one probably is that which asserts that the tax rate prescribed by the Gross Sales Tax Law is prohibitory and confiscatory on the class of retail merchants who will have to pay it. It is obvious

from our statement of the case that the appellant in no true sense represents the class of taxpayers upon whom the burden of the Gross Sales Tax Law, if constitutional, will fall, and should we, on the showing made in this record, hold the act to be unconstitutional, we would affect in a most serious way the rights of those who, after all, are the real parties in interest and who would never have been given an opportunity to be heard. Indeed, it might be argued, with what soundness we expressly do not say, that they would not even be bound by the decision in this case because of the lack of representation. Section 28 of the Civil Code of Practice provides:

"The court may determine any controversy between parties before it, if it can do so without prejudice to others; if it cannot do so, it must require such other persons to be made parties, or must dismiss the action without prejudice."

In the case of Town of Beaver Dam v. Vinson, 223 Ky. 490, 3 S. W. (2d) 1090, 1091, a suit was brought by a taxpayer to enjoin the collection of a tax levied to pay a debt incurred by the city in the purchase of a fire truck. The plaintiff, a taxpayer, did not make as a party to his suit those who held the city warrants for the debt involved. We said:

"Manifestly, the rights of holders of the indebtedness incurred in the purchase of the fire apparatus are vitally involved if the appellees prevail on either theory of the case. . . . The court should not have proceeded to judgment until such holder was made a party to the action and given an opportunity to be heard."

In the case of Fiscal Court of Carter County v. Strother, 199 Ky. 825, 251 S. W. 1003, certain citizens and taxpayers of Carter county sought and were granted a mandamus directing the fiscal court to elect a county treasurer in the manner provided by the statutes then in force. From the pleadings it appeared that the fiscal court had already elected a county treasurer who was performing the duties of the office, but it was alleged in the petition as amended that his election was not in conformity with the statutes. We held the action should not proceed to judgment until the county treasurer then

in office was made a party to the action. In citing the case of Johnson's Heirs v. Chandler's Heirs, 15 B. Mon. 584, we said:

"Where the cause is such that the court cannot render a decision between the parties without injuriously affecting the rights of others who are not before the court, it ought not to proceed until such other persons are made parties to the action."

In the case of Commonwealth, for Use and Benefit of State Highway Commission v. Farmers' State Bank, 225 Ky. 759, 10 S. W. (2d) 274, the commonwealth for the use and benefit of the state highway commission, brought suit against the Farmers' State Bank to recover on a certificate of deposit. The money represented by this certificate of deposit had been raised by the bank discounting for certain residents of Union county their notes which had been given by them for the purpose of constructing a highway along a certain route. A dispute arose whether the road had been constructed along the route mentioned, and the bank defended on the theory that the state had not complied with its agreement with the makers of these notes. They were not made parties to the action, and we held that it was not proper to proceed to a determination of the case until they had been made so. Section 28 of the Civil Code of Practice was cited in support of that position.

In the case of White v. Walker, 226 Ky. 326, 10 S. W. (2d) 1071, a suit was brought by a citizen and taxpayer to recover from the county school superintendent what the plaintiff claimed to be an excess of salary unauthorized by law. The county school superintendent counterclaimed for certain expenses which he claimed to have been put to and for which he was entitled to be reimbursed by the board of education. The lower court allowed a large part of this counterclaim, and, because the amount so allowed exceeded the amount sued for by the plaintiff, the latter's petition was dismissed. In holding that the court could not pass on the counterclaim without the board of education's rights being vitally affected, we held that under section 28 of the Civil Code of Practice the board of education must be made a party to the suit, and we reversed the case for that purpose. Under these authorities and the section of the Code itself, it is manifest that a representative of the class of tax-

payers which will have to bear the burden of this tax should be made a party to this suit. Nor does section 10 of the Gross Sales Act, which provides that no suit shall be maintained in any court to restrain or delay the collection or payment of the tax therein imposed upon any ground whatever, the aggrieved taxpayer being relegated to paying the tax and then bringing suit for its recovery, forbid the making of such a taxpayer a party defendant to this suit, since this suit is brought to restrain the state board of charities and corrections from making an alleged illegal expenditure from its general fund. Even though it be conceded that the taxpayer subject to the gross sales tax could not join in the relief asked against the state tax commission since, perhaps, that might involve a restraint or delay in the collection of the tax, that would not preclude him from joining in the relief asked against the state board of charities and corrections.

The judgment of the lower court is therefore reversed for proceedings consistent with this opinion.

Whole Court sitting.