## Conley et al. v. Waddle.

(Decided Dec. 15, 1933.)

HILL & HOBSON, W. C. GOBLE and B. M. JAMES for appellants.

JOHN W. CAUDILL for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

In 1925, G. W. Miller was the owner of a tract of land in Floyd county. In order to induce the appellee, Waddle, to become his surety on a replevin bond executed on September 28, 1925, to replevy a balance due on a fine assessed against him in a criminal prosecution, Miller and his wife executed and delivered to

Waddle a mortgage of indemnity on this tract of land Miller owned. There is a serious dispute as to whether this mortgage was ever lodged for record or not until after the conveyancé of the property to the Conleys as hereinafter set out. Later, as appears from the record, Miller conveyed this same property to the appellant Paris Conley and his wife, Lucy Conley, as joint owners. This deed was duly recorded. Thereafter Waddle brought this suit to foreclose his mortgage. He made defendants to this suit, Miller and his wife, and the appellant Paris Conley. Miller and his wife made no defense but Paris Conley defended on several grounds, among which was the claim of bona fide purchaser for value without notice of Waddle's mortgage. The lower court adjudged that Conley had a first lien on the land for a certain mortgage which Conley had assumed in buying the property from Miller, and which the court adjudged superior to that of Waddle; that Waddle had the second claim upon the land for the amount of his mortgage of indemnity; and that whatever was left belonged to Conley. It ordered the property sold to satisfy these claims. Conley has appealed and Waddle has prosecuted a cross-appeal.

The record disclosing that Lucy Conley was and is a joint owner of this property, it is perfectly obvious that this controversy cannot be settled without Lucy Conley being a party to this action. Under the judgment as it stands, a sale of the property to satisfy the adjudged liens against it will not give the purchaser title to all the land. The interest of Lucy Conley would still be outstanding. The case falls squarely within section 28 of the Civil Code of Practice, which reads:

"The court may determine any controversy between parties before it, if it can do so without prejudice to others; if it cannot do so, it must require such other persons to be made parties, or must dismiss the action without prejudice."

The court should have required Lucy Conley to be made a party to this action. Mart's Ex'r v. Potts, 227 Ky. 125, 12 S. W. (2d) 278; Cumberland Pipe Line Co. v. Raider, 237 Ky. 344, 35 S. W. (2d) 532; Hazard Coal Corporation v. Getaz, 234 Ky. 817, 29 S. W. (2d) 573. We express no opinion upon the merits of the case. The judgment on both the original and cross-appeal is reversed for proceedings consistent with this opinion.