## City of Louisa v. McClure et ux.

(Decided Oct. 4, 1932.)

ELDRED E. ADAMS for appellant.

VINSON & MILLER for appellees.

Opinion of the Court by Stanley, Commissioner—Reversing.

The city of Louisa sued Rice McClure and wife to establish and enforce a lien upon his property for a street improvement assessment. By the stipulation and admitted allegations of the petition it appears that the city had adopted an ordinance to improve certain streets at the expense of the property "fronting, abutting or bordering thereon." The one here involved is Jefferson street. It is sixty-six feet in width with two tracks of the Chesapeake & Ohio Railway running through but not in the center of it. It is fifteen feet between the railroad and the western property line and twenty-six feet between the railroad and the eastern property line. On this wider portion a paved strip sixteen feet in width was built and accepted.

After taking into consideration a donation of $5,000 by the railway company, the balance of the cost was apportioned against the property on the eastern side of Jefferson street only. The defendant asserted that he was chargeable with only one-half of the assessment made against his property, and the stipulation of the parties is that the sole question involved in the suit is whether the cost of the improvement should have been assessed against property on both sides of the street instead of on the one side only. The trial court sustained the defendant's position and relieved his property of one-half of the assessment levied against it. From that judgment the city appeals.

The effect of the judgment was to hold invalid the assessment made by the ordinance against the property on the eastern side of the street exclusively. The court impliedly held that property on the western side was chargeable with one-half of the cost. None of the owners of that property was a party to the suit. In view of the defense made, the court should have required that those property holders, or a representative of them, be made parties to the suit as they are vitally interested in the adjudication. We are of the opinion that this is a case which should be reversed and remanded without a decision on the merits in order that those who are adversely affected may be brought before the court, as is authorized by section 28 of the Civil Code of Practice. See, also, Moore v. State Board of Charities and Corrections, 238 Ky. 243, 37 S. W. (2d) 41.

The costs of this appeal will be charged to the appellant and appellee equally.

Judgment reversed for consistent proceedings.