## Price et al. v. Whitaker.

(Decided May 13, 1938.)

500

KENNEDY & KENNEDY for appellants.

B. J. BETHURUM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—
Reversing.

This is an appeal from a judgment of the Pulaski circuit court sitting in equity. Appellant Noah Price is the owner of a life estate, and appellant Otis Price is the owner of a remainder, in the tract of land involved in this controversy. Appellants entered into an agreement with appellee, Mrs. Effie Whitaker, under which she agreed to operate various coal mines under the land and to pay royalties therefor to the Prices.

After the mines had been operated for some seven months, this suit was brought by the appellants seeking a money judgment for royalties alleged to be past due, for damages to the mines and land, and for a cancellation of the agreement. The petition is in four paragraphs. In the first paragraph appellants set out the contract and the failure of appellee to maintain payments of royalty, and allege that $360 is due to the life tenant and $180 is due to the remainderman for these royalties. By the second paragraph it is alleged that the appellee negligently and carelessly operated the mines and allowed the rooms and entries to fill up with falling slate or to be flooded with water, and also that appellee has followed various improper methods in developing the mines. By the third paragraph appellants allege that appellee negligently and carelessly permitted large quantities of small coal and slack to be washed over valuable portions of the surface and thus rendered the land unproductive. By the fourth paragraph appellants allege a breach of condition of the lease by appellee and their election to terminate the lease because of the breach.

Appellee seasonably filed a motion to require the appellants "to elect which one of the *three* causes of action improperly joined" they would prosecute. Without waiving the motion, she filed an answer, to which

the appellants filed a reply. When the case was called for trial, after counsel for appellants had stated their case, counsel for appellee moved the court to pass upon the appellee's motion to require the appellants to elect. The court sustained the motion and required appellants to elect, and they thereupon elected to prosecute the cause of action alleged in paragraph I of the petition. The court thereupon dismissed without prejudice the causes of action set up in Paragraphs II and III. The taking of testimony was commenced, when counsel for appellee offered a second motion to require appellants to elect whether they would prosecute the cause of action set out in Paragraph I or that set out in Paragraph IV of the petition. The court sustained this motion, and the appellants declined to elect. The court then struck Paragraph IV from the petition, and the appellants declined to proceed further with the trial. Their petition was therefore dismissed, and this appeal followed:

Section 83 of the Civil Code of Practice provides:

"Several causes of action may be united, if each affect all the parties to the action, may be brought in the same county, and may be prosecuted by the same kind of action; and if all of them be brought

"1. Upon contracts, express or implied; or

"2. For the recovery of real property and the rents, profits and damages for withholding it; or,

"3. For the recovery of specific personal property, and damages for the taking or withholding it; or,

"4. For partition of real or personal property, or both; or,

"5. For injuries to character; or,

"6. For injuries to person and property."

It is manifest that the second motion to elect came too late. Civil Code of Practice, sections 85, 86. Appellee had waived her right to insist on an election between the causes of action set out in Paragraphs I and IV when she made defense to the action before filing her motion.

A more serious question is presented by the motion to elect between the first three paragraphs. So far as the causes of action set out in the first two paragraphs

502

are concerned, they are both *ex contractu*. While the second paragraph alleges that appellee *negligently* operated the mines, it is obvious that the liability is predicated upon a breach of the contractual duty to operate the mines in a workmanlike manner, and not simply upon negligence. Smith v. Wells, 271 Ky. 373, 112 S. W. (2d) 49; Jones v. Johnson, 73 Ky. 649, 10 Bush 649. We conclude, therefore, that these two causes of action might properly be joined.

The third paragraph rests purely on the alleged trespass on the lands of appellants. While arising out of the same transactions with the other two, it will be observed that this is not the test prescribed by section 83 of the Civil Code of Practice. The Kentucky Code seems to differ from the Codes of New York and other states in this respect. See Pomeroy's Remedies and Remedial Rights, section 463 et seq. No authority exists for the joinder of the causes of action *ex contractu* with the one purely *ex delicto*. To this extent, therefore, the appellee's motion was well taken.

Judgment reversed. Whole court sitting.