## Folden v. Shelton et al.

January 24, 1950.

L. B. Handley, Judge.

Terry L. Hatchett for appellant.

John E. Richardson, Charles A. Robertson and Ogden, Galphin & Abell for appellee.

JUDGE HELM—Reversing.

The automobiles of Elvis Folden and Virgil Shel-

ton collided on Highway 249 in Barren County in September, 1947. After the collision the owners entered into negotiations looking toward a settlement. After negotiations appellant, Elvis Folden, gave to appellee, Virgil Shelton, his promissory note for $109, the amount of damage to Shelton's car. Subsequently this note was paid.

In December, 1947, two actions were filed against appellees; one by appellant, Elis Folden, and another by Hallie May Folden, wife of appellant. Appellant in his petition joined an action for alleged damages to his car—an action in tort—with an action in contract based upon an alleged promise by appellee Virgil Shelton to pay him $233, the amount of the damage to his car. On motion appellant was required to elect which cause of action he would pursue. He elected to pursue the action in contract. Appellees in their answer alleged that appellant had executed and delivered his promissory note to them in the sum of $109, which was accepted as a full and complete settlement, and that by reason of this appellant was barred from bringing the action. Appellant admitted execution of the note in settlement, but reiterated his allegation that appellees had failed and refused to pay him $233, the sum he says they had agreed to pay him as part of the settlement. The jury found for appellees and judgment was entered accordingly.

Hallie May Folden, wife of appellant, who was a passenger in her husband's car at the time of the collision, filed suit against appellees for personal injuries growing out of the accident. The jury was instructed, among other things, that the contributory negligence of appellant, if any, could not be imputed to the plaintiff, Hallie May Folden. The jury awarded her damages in the sum of $150.

On February 20, 1948, appellant filed the present action. His petition joined a cause of action in tort seeking damages to his car in the sum of $500, with an action for restitution of the $109. An amended petition made the entire record in the two actions above by appellant and his wife "exhibits to his petition and petition as amended by reference." On motion appellant was required to elect. He elected to "prosecute the cause of action setting out the damages to his automo-

bile and seeking recovery from the defendants and each of them the sum of $500'' for damages to his automobile. Appellees then filed a general demurrer to the petition, which was sustained. Appellant declined to plead further. Judgment was rendered dismissing the petition. Appellant appeals from that judgment.

Appellant says: ''The question involved in this appeal is simple; does the petition of appellant, the item of $109 having been stricken pursuant to motion to elect, state a cause of action?''

The actions in tort and in contract were improperly joined. Civil Code of Practice, sec. 83. Price et al. v. Whitaker, 273 Ky. 499, 117 S. W. 2d 203. The court, on motion, required Folden to elect which of the two causes of action improperly joined he would prosecute. Folden elected to prosecute his action for damages in tort. By so doing, he, in effect, eliminated all of his petition as amended, except that referring to the alleged tort.

We have examined the petition and find that leaving out of consideration the other matters set out it does state a cause of action for damages to appellant's car. That being true, the demurrer should have been overruled and appellees permitted to make such defenses as they may have to the action.

The judgment of the trial court is reversed for proceedings not inconsistent with this opinion.