RENDERED: APRIL 2, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0636-MR

BILL COLLINS FORD, INC.                                            APPELLANT

|  | APPEAL FROM JEFFERSON CIRCUIT COURT |
|---|---|
| v. | HONORABLE MARY M. SHAW, JUDGE |
|  | ACTION NO. 18-CI-000916 |

JEFFREY D. BELL AND MELANIE                                APPELLEES
A. BELL

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, KRAMER, AND MAZE, JUDGES.

KRAMER, JUDGE:  Bill Collins Ford, Inc. ("Ford") appeals from an order of the

Jefferson Circuit Court awarding $1,500.00 in attorney's fees to Ford following a

bench trial in a debt collection action.  Upon review, we affirm.

Jeffrey and Melanie Bell purchased a used 2015 Ford Edge from Ford

in March 2017.  The Bells agreed to pay $30,000.00 for the vehicle and paid

$25,000.00 as a down payment, leaving a balance of $5,000.00 owed to Ford

which was to be paid pursuant to a purchase agreement signed by the Bells. Although the vehicle was sold by Ford as a certified used vehicle that had undergone a 172-point inspection, the Bells noticed problems with the vehicle shortly after their purchase. Although the Bells had the various issues repaired at no cost and were provided a loaner car, they were without their newly purchased vehicle for approximately two months. Subsequently, the Bells refused to pay the $5,000.00 balance, believing that Ford had been dishonest with them about the condition of the vehicle at the time of purchase. Ford filed the underlying action to collect the $5,000.00 balance and requested attorney's fees pursuant to language contained within the purchase agreement which stated, "[p]urchaser agrees to pay reasonable attorney's fees and other expenses incurred by [Ford] in effecting collection, repossession, or resale hereunder." The Bells filed a counterclaim alleging Ford violated Kentucky's Consumer Protection Act by engaging in "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce."[1]

Following a bench trial, the court found that Ford prevailed on its breach of contract claim and entered a judgment for Ford in the amount of $5,000.00. The trial court also held that Ford was entitled to reasonable attorney's fees "to be determined later after timely submission of an affidavit by [Ford's]

---

[1] *See* Kentucky Revised Statute (KRS) 367.170.

counsel and consideration of any objection to the amount requested." The Bells were denied relief under their counterclaim.

In support of its motion for attorney's fees, counsel for Ford submitted an affidavit as well as a report from the time entry and billing system used by counsel's law firm. Ford's counsel claimed 33.3 hours at $250.00 per hour and 30.3 hours at $275.00 per hour. In all, Ford requested $16,657.50 in attorney's fees. The Bells objected, arguing that the hours spent on the case were inflated and the amount requested was excessive for a simple collection matter with only $5,000.00 in damages. The trial court entered an order awarding $1,500.00 in attorney's fees to Ford. Ford now appeals only the award of attorney's fees. The Bells have not appealed the denial of their counterclaim.

Ford argues that the award of $1,500.00 in attorney's fees is unreasonably low and the trial court abused its discretion because the decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. We disagree.

KRS 411.195 provides:

> Any provisions in a writing which create a debt, or create a lien on real property, requiring the debtor, obligor, lienor or mortgagor to pay reasonable attorney fees incurred by the creditor, obligee or lienholder in the event of default, shall be enforceable, provided, however, such fees shall only be allowed to the extent actually paid or agreed to be paid, and shall not be allowed to a salaried employee of such creditor, obligor or lienholder.

As previously stated, the purchase contract between Ford and the Bells provided that Ford was entitled to "reasonable attorney's fees and other expenses incurred by [Ford] in effecting collection, repossession, or resale hereunder."

An award of attorney's fees is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Kincaid v. Johnson, True & Guarnieri, LLP*, 538 S.W.3d 901, 921 (Ky. App. 2017). Abuse of discretion is defined as action which is arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). The determination of what is a "reasonable" fee is also within the discretion of the trial court. *See Capitol Cadillac Olds, Inc. v. Roberts*, 813 S.W.2d 287, 293 (Ky. 1991). This is because "[t]he trial judge is generally in the best position to consider all relevant factors and require proof of reasonableness from parties moving for allowance of attorney fees." *Id.*

In the instant action, Ford requested $16,657.50 in attorney's fees. The trial court awarded $1,500.00, or approximately nine percent of the requested amount. Notably, the trial court utilized an order tendered by Ford which states only that:

On motion of [Ford], and the Court being duly advised,

-4-

> [Ford] is awarded a supplemental judgment against [the Bells] in the amount of $1,500.00[2] for attorney's fees incurred in effecting collection of the amounts owed by the Bells.

Despite the fact the trial court utilized Ford's tendered order, Ford now complains that the trial court "offered no explanation for awarding only $1,500.00[.]"

We are mindful that CR 52.01 requires a trial court, in matters tried without a jury, to "find the facts specifically and state separately its conclusions of law thereon[.]" This provides a complete record for appellate review. However, Ford failed to request any further findings from the trial court regarding the award of attorney's fees. If Ford believed that clarification of the award amount through further findings was essential to the judgment, it was required to bring it to the trial court's attention or risk waiver. CR 52.04 states

> [a] final judgment shall not be reversed or remanded because of the failure of the trial court to make a finding of fact on an issue essential to the judgment unless such failure is brought to the attention of the trial court by a written request for a finding on that issue or by a motion pursuant to Rule 52.02.

CR 52.04 bars reversal or remand "because of the failure of the trial court to make a finding of fact on an issue essential to the judgment" when a party fails to bring it to the court's attention by a written request for a finding. *Anderson*

---

[2] The tendered order left a blank line for the trial court to fill in the amount awarded to Ford.

*v. Johnson*, 350 S.W.3d 453, 458-59 (Ky. 2011). Such is the case here. The trial court utilized the perfunctory order tendered by Ford, but Ford now argues that the language contained in the order was insufficient to justify the trial court's award. Ford waived this argument by failing to bring it to the trial court's attention pursuant to CR 52.04.[3]

Notwithstanding Ford's failure to request additional findings, we acknowledge the brevity of the trial court's order pertaining to attorney's fees. However, "[i]n cases where the record is so clear that the court does not need the aid of findings it may waive such a defect on the ground that the error is not substantial in the particular case." *Clark Mechanical Contractors, Inc. v. KST Equipment Co.*, 514 S.W.2d 680, 682 (Ky. 1974).

A trial court's award of attorney's fees will not be overturned if there is any reasonable basis for it. *See generally Capitol Cadillac Olds, Inc.*, 813 S.W.2d 287. Careful review of the record before us reveals numerous bases for the trial court's order. First, the amount of damages awarded to Ford was $5,000.00.

---

[3] Ford not only failed to bring to the attention of that trial court what it perceived as an error essential to the judgment, but also invited any error by tendering a perfunctory order to the trial court. "[W]here a party invites an error, he cannot complain of it." *Hovermale v. Central Ky. Nat. Gas Co.*, 282 S.W.2d 136, 138 (Ky. 1955). The rationale behind the notion of an invited error is that a party will not be heard to complain of an error which he himself has induced the trial court to commit. *See Miles v. Southeastern Motor Truck Lines*, 173 S.W.2d 990, 998 (Ky. 1943). Otherwise, a party would be permitted "to take advantage of an error produced by his own act." *Wright v. Jackson*, 329 S.W.2d 560 (Ky. 1959); *United States v. Myers*, 854 F.3d 341, 355 (6th Cir. 2017) ("Challenges to such invited errors are forfeited.").

Although the size of the claim is not always related to the amount of attorney's fees awarded,[4] it is nevertheless an important factor. In awarding Ford $1,500.00 in attorney's fees, the trial court allowed slightly less than one-third of the total recovery amount. Given the broad discretion afforded to the trial court, we cannot say that this was an abuse of discretion.

Second, we note that in both its brief and reply brief to this Court, Ford attempts to justify the amount of attorney's fees requested by arguing said fees also include defending the Bells' counterclaim of misrepresentation and fraud. However, those fees were not incurred as a result of the Bells' default pursuant to the language contained in the purchase agreement and KRS 411.125. Consequently, those fees are not compensable. *See Motors Ins. Corp. v. Singleton*, 677 S.W.2d 309, 315 (Ky. App. 1984). Further, Ford was required to "demonstrate that the amount sought is not excessive and accurately reflects the reasonable value of bona fide legal expenses incurred." *Capitol Cadillac Olds, Inc.*, 813 S.W.2d at 293. Although Ford presented an affidavit and billing statement to the trial court, the Bells offered detailed and well-reasoned arguments regarding why they believed the hours were excessive given the particular circumstances of the case. It was within the trial court's authority to consider those arguments in its decision. Consequently, we discern no abuse of discretion.

---

[4] *See Meyers v. Chapman Printing Co., Inc.*, 840 S.W.2d 814, 825–26 (Ky. 1992).

Accordingly, for the reasons stated herein, the judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Lester I. Adams, Jr.
Louisville, Kentucky

BRIEF FOR APPELLEE:

Lora Chisholm Holman
Louisville, Kentucky